BOARD OF SUPERVISORS OF BENTON COUNTY *v.* G. W. PATRICK ET AL.

1. CONTRACT TO BUILD COURT-HOUSE. *How made. How modified.*
   The board of supervisors of a county cannot contract for the building of a court-house or other public work, except in the mode pointed out by the statute, Code 1871, §§ 1368, 1388; and, when such contract has been made, it can be altered or modified only in the same manner.

2. SAME. *Alterations. Extra work. Agent. Ratification.*
   When such contract has been duly made, and a commissioner regularly appointed by the board to superintend the work, and see that it is done according to the contract and specifications, the county will not be bound for alterations or extra work made or authorized by such commissioner (Code 1871, §§ 1389, 1394), although the board accepted the building when completed, upon a report of the commissioner stating that he had authorized the extra work, and recommending payment for it, but at the same time refused to receive the part of the commissioner's report relating to such extra work, and denied their liability therefor.

3. WRIT OF ERROR. *Lies to Circuit Court on appeal from board of supervisors.*
   When a claim is rejected by the board of supervisors, and an appeal is taken to the Circuit Court, the judgment of the latter is not final; but a writ of error therefrom lies to this court.

ERROR to the Circuit Court of Benton County.

W. D. BRADFORD, Judge.

*George E. Harris,* Attorney-General, and *Stith & Phillips,* for the plaintiffs in error.

1. Express power is given to boards of supervisors to erect court-houses, by the Code of 1871, § 1368. The clerk shall keep a complete and correct record of their proceedings. Id. § 1361. The action of the board can only be evidenced by an entry on its minutes, in term time. An express contract by it can be proved in no other way. *Crump* v. *Board of Supervisors of Colfax County,* 52 Miss. 107 ; Code of 1871, §§ 1388, 1389, 1391, 1394, 1395.

2. The extra work was not authorized, either verbally or in writing ; nor can a contract for it be implied, because it is expressly prohibited. See Code, *ubi supra ; Board of Commissioners* v. *Boyle,* 9 Ind. 296 ; *Warwick* v. *Butterworth,* 17 Ind. 129 ; *County of St. Louis* v. *Cleland,* 4 Mo. 84 ; *People* v. *Supervisors of Albany,* 28 How. Pr. (N. Y.) 22 ; *Alton* v. *Mulledy,* 21 Ill. 76 ; *San Antonia* v. *Gould,* 34 Texas, 76 ; *People* v. *Supervisors of Fulton County,* 14 Barb. 56. A corporation cannot make a contract not authorized by its charter. *Bacon* v. *Mississippi Insurance Co.,* 31 Miss. 116 ; *Abby* v. *Billups,* 35 Miss. 618. The same rule applies to a municipal corporation. *Leonard* v. *Canton,* 35 Miss. 189.

3. The board could have ratified the contract for extra work, and made the ratification a matter of record ; but they did not do so, and are not bound to pay for it. *Peoria County* v. *Roach,* 65 Ill. 77. Establish such a rule as is contended for by the defendants in error, outside of the law, and it has no bounds. Under such a rule, a court-house might be embellished with a rotunda and a dome, and any thing else that fancy, cupidity or greed might suggest.

4. It seems that the contract price had been paid before the claim for extra work was presented. What, then, could the board do other than they did, — accept the building they had paid for, and reject, or protest against, the claim for extra work ? Can this be a ratification ? On the contrary, if the contractors surrendered the building upon this protest, are they not precluded from setting up any further claim ?

*Worsham & Jordan,* on the same side, filed an elaborate brief, making substantially the same points; referring to the same sections of the code, and citing also *County of Yalobusha* v. *Carbry,* 3 S. & M. 529.

*B. T. Kimbrough,* for the defendants in error.

1. Appeal or writ of error is not allowed by statute, and is not a common-law remedy. Code 1871, §§ 1383, 1384; *Dismukes* v. *Stokes,* 41 Miss. 431, 434; *Servis* v. *Beatty,* 32 Miss. 52, 82–87; 1 Kent Com. 348. The Code of 1857 made a judgment of the Circuit Court final in such cases. This is dropped from the Code of 1871 as surplusage, because that judgment is essentially final, unless the statute provides to the contrary. *Dismukes* v. *Stokes, ubi supra.* The opinion of Mr. Justice Tarbell in *Taylor* v. *Marion County,* 51 Miss. 731, is not supported by authority, and the point does not appear to have been raised by counsel.

2. The board had authority to make the contract in the first instance. Code 1871, § 1368. Having this authority, they could change or modify its terms. *Carroll* v. *Board of Police of Tishomingo Co.,* 28 Miss. 49. And so if their agent did it, and they, with full knowledge of the facts, received the work, they are bound. 2 Dillon on Municipal Corporations, §§ 749, 750; Story on Agency, § 239; Green's Brice's Ultra Vires, 613, note; *Methodist Church* v. *Vicksburg,* 50 Miss. 601. Corporations, like individuals, must do right. Green's Brice's Ultra Vires, 609.

*W. M. Abernathy,* on the same side.

The board had undoubted authority to make the contract. Code 1871, § 1368. Nabors was agent, because paid by them. 50 Miss. 601. But, if wrong in this, the board ratified his acts by receiving the court-house, and are thereby bound. *Planters' Bank* v. *Sharp,* 4 S. & M. 75, 83; 5 Hill (N. Y.), 137; Angell & Ames on Corporations, 174. It is admitted that the board of supervisors is a *quasi* corporation, and that it is not held to as strict an accountability as a municipal corporation. But this is for protection, not for aggression. The obligation to do justice rests alike on all persons, natural and artificial, and *quasi* corporations are not exempt from it. 1 Dillon on Municipal Corporations, § 384. Corporations may be bound by

implied contracts. 1 Dillon on Municipal Corporations, § 383. If the price be reasonable, and the work beneficial, strong evidence is not required. 1 Dillon on Municipal Corporations, §§ 386, 479. If work be done under belief of authority, and the corporation accept, or even knowingly avail itself of it, it is bound. 1 Dillon on Municipal Corporations, § 480 ; citing *Abbott* v. *Hermon*, 7 Greenl. 118 ; *Hayden* v. *Madison*, 7 Greenl. 76 ; Story on Agency, 239; Green's Brice's Ultra Vires, 609, 613, note.

*Frank Johnston*, on the same side, cited, in an elaborate brief, *Alleghany City* v. *McClurken*, 14 Penn. St. 81 ; *Meech* v. *Buffalo*, 29 N. Y. 211 ; *Hayden* v. *Madison*, 7 Greenl. 78 ; *Wadleigh* v. *Sutton*, 6 N. H. 16, 17 ; *Wilson* v. *School District*, 32 N. H. 129 ; *Kimball* v. *School District*, 28 Vt. 8 ; *Argenti* v. *San Francisco*, 9 Cal. 255 ; *Methodist Church* v. *Vicksburg*, 50 Miss. 601, 605, 606 ; *Mayor* v. *Ray*, 19 Wall. 484 ; *Abbott* v. *Hermon*, 7 Greenl. 118; Code 1871, § 1388.

SIMRALL, C. J., delivered the opinion of the court.

G. W. Patrick and John T. Price, under the firm name of Patrick & Price, became the lowest bidders on the contract to erect and complete the court-house in Benton County, according to specifications on file ; and the contract was awarded to them. The board appointed a commissioner to superintend the work. After the building had been completed, Patrick & Price presented a claim to the board of supervisors, for something over $2,000, for extra work and material; that is, work not included in the contract and specifications. The claim was rejected. An appeal was taken to the Circuit Court, and that court reversed the decision of the board of supervisors, and rendered judgment against them for $1,808.06. From that judgment this writ of error has been prosecuted; and the question is as to the liability of the board for this demand.

The subject is regulated by § 1368 Code 1871. The board of supervisors may make contracts for the erection of a court-house ; shall determine the materials and the plan thereof; and may appoint one or more commissioners to superintend the work, who shall take care that proper materials are furnished, and the work faithfully performed according to contract.

The contract between Patrick & Price was made in pursuance of the statute. The specifications seem to be full and minute as to the materials, dimensions and finish of the structure. But, as the work progressed, with the consent of the commissioner other work not provided for in the contract and specifications was done. It is insisted that the commissioner had the implied authority to make these changes from the contract. The statute, by almost express language, denies that power. It is the duty of the board to adopt a " plan " of the house, determine its " dimensions " and the materials to be used. It must be assumed that it has made investigation, possessed itself of the necessary information to come to proper conclusions, and, when it has selected the plan, dimensions and material, no authority exists in the contractors or the commissioner to make alterations or additions, unless it has been delegated by the board.

The duty of the commissioner is to supervise the work as it progresses, to see that proper materials are used, and that the work is " faithfully performed according to contract." Instead of having authority to change, he is expressly enjoined to see that the work " is faithfully performed according to contract."

It was held in *Crump* v. *Board of Supervisors of Colfax County*, 52 Miss. 107, that the board of supervisors could enter into an express contract, by expressing its assent thereto on the official record of its proceedings. If the contractors or the commissioner thought the alterations necessary, authority to make them ought to have been obtained from the board, and its consent manifested by its record.

After the building had been completed, the commissioner reported that the work had been well done, and recommended that the contractors should be paid for the extra work. The board, on this report, accepted the building, but rejected or protested against its liability for the extra work.

Sect. 1389 of the Code of 1871 forbids the boards of supervisors empowering or authorizing any person to make contracts for the building or erection of public works in vacation; " but all such contracts shall be made and approved by the board in open session." Sect. 1391 makes it a mis-

demeanor in the members of the board to violate these duties. In the face of these statutory restrictions, it is plain that the board could not in recess dispense with its contract with Patrick & Price; nor could it sanction such conduct in its commissioner as imposing a legal obligation.

It has also been objected that a writ of error will not lie in this case. It was ruled otherwise in *Taylor* v. *Marion County*, 51 Miss. 731, and *Crump* v. *Board of Supervisors of Colfax County*, *ubi supra*.

> *Judgment reversed, and judgment here affirming decision of board of supervisors.*