GROTON BRIDGE & MANUFACTURING COMPANY *v.* WARREN
COUNTY.

BOARD OF SUPERVISORS. *Contracts. How made. Code* 1892, § 344.

A county is not liable for public work done under the authority of a
single member of the board of supervisors, since, by code 1892,
§ 344, all contracts for such work must be made by the board as a
board in open session, and be evidenced by entries on its minutes.
*Board of Supervisors* v. *Patrick*, 54 Miss., 240, cited.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

The Groton Bridge, etc., Co., appellant, was plaintiff, and
Warren county, the appellee, defendant in the court below.

In 1899 the board of supervisors of Warren county con-
tracted with the Groton Bridge & Manufacturing Company for
the rebuilding or repair of the Baldwin's Ferry Bridge over Big
Black River, according to plans and specifications on file in the
office of the clerk of the board, the total cost of the work be-
ing $7,824.00. During the progress of the work it was dis-
covered that one of the piers called for had to be made five
feet higher than was specified in the contract, and acting upon
the suggestion of the engineer of the board of supervisors, and
the consent of one of its members, who agreed that the work
should be done on "force account," and that the board would
pay for it, the Groton Bridge & Manufacturing Company did
the additional work at a cost of $679.57. The board of super-
visors was never asked to let this additional work, or have it
done, nor did it ever approve the same, and disallowed the
claim of $679.57 on account thereof, while promptly paying
the contract price of $7,824.00. Thereupon this suit was
brought for the $679.57 against the county upon a *quantum
meruit,* and a demurrer to the plaintiff's declaration having

been sustained, and judgment rendered in favor of the defendant, this appeal was prosecuted. The code provision controlling the case is quoted in full in the opinion of the court.

*Green & Green,* for appellant.

The additional work, which was necessary to the preservation of the county's property, constituted a part of the entire work which was approved and accepted by the board of supervisors, and there necessarily arose an implied obligation to pay for it. It is conceded that express contracts must be evidenced by entry on the minutes of the board, but this requirement has no application to liabilities that arise by implication, and which should be enforced upon a *quantum meruit.*

The cases of *Supervisors* v. *Patrick,* 54 Miss., 240; *Dixon* v. *Greene County,* 76 *Ib.,* 794, and *Crump* v. *Colfax County,* 52 *Ib.,* 107, while holding that all express contracts must be evidenced by entry on the minutes of the board, recognize the power of the board to contract by adoption or ratification, and in one of them (*Crump* v. *Colfax County*) the liability of the county for the rent of rooms under a count of *quantum valebat* was enforced, although the contract in respect thereto was void because not entered on the minutes of the board. See, also, the following authorities in support of the position above taken: *Carroll* v. *Board of Police,* 28 Miss., 49; 7 Am. & Eng. Enc. Law (2d ed.), 945, 946, 953, 954; *City* v. *Litchfield Water Co.,* 95 Ill. App., 647; *Jackson Electric Ry. Co.* v. *Adams,* 79 Miss., 408, s.c., 30 So. Rep., 694.

*R. V. Booth,* for appellee.

Under the statutes and decisions of this state the facts stated in the declaration imposed no liability upon the county. No contract for the additional work was made by the supervisors as a board in open session, nor was any such contract evidenced by entry on their minutes. Code 1892, §§ 340, 344; *Supervisors* v. *Patrick,* 54 Miss., 240; *Supervisors* v. *Arrighi, Ib.,*

670; *Beck* v. *Allen*, 58 *Ib.*, 158; *Bridges & Hill* v. *Supervisors, Ib.*, 819; *Howe* v. *State*, 53 *Ib.*, 69; *State* v. *Vice*, 71 *Ib.*, 916.

WHITFIELD, C. J., delivered the opinion of the court.

The arrangement made through one member of the board was void. *Board* v. *Patrick*, 54 Miss., 240, controls this case. In the note to *Gilman* v. *Contra Costa County*, 68 Am. Dec., 292, it is said, speaking of a contract informally made: "It may be ratified at a subsequent meeting of the board in legal session, and the county thus become liable;" citing three authorities. But no such ratification of the board in open session was obtained by the appellant in this case. In 7 Am. & Eng. Enc. Law (2d ed.), p. 946, it is said that "such liability on an implied contract will not attach where an express contract only is contemplated by statute;" citing, in note 2, *Wollcot* v. *Lawrence County*, 26 Mo., 272; *Lehigh County* v. *Kleckner*, 5 Watts & S., 181. In the former case the court say: "The county court is only the agent of the county, and, like any other agent, must pursue its authority, and act within the scope of its power. In respect to many things that concern the county, it has a large discretion; but in reference to the erection of county buildings its authority is defined by a public law, and is special and limited. It cannot act like general agents, whose acts may bind their principals if performed within the general scope of their agency, though in violation of private instructions unknown to those who deal with them, for it has no power over the subject except such as is given by law; and every person who deals with the county court, acting in behalf of the county, is bound to know the law that confers the authority. There is no difference in this respect between public and private agents, and if the county court exceeds its special and limited authority, conferred by the statute, in a material matter, the county will not be bound. The act concerning county buildings (Rev. St., 1845, p. 286) regulates the whole subject. The

manifest policy of the act was to prevent the embarrassment of counties by the erection of buildings more costly than their necessities require, and the incurring of liabilities beyond their ability to pay. The first step to be taken by the county court before proceeding to the erection of county buildings is to ascertain that sufficient funds are in the treasury unappropriated, or that the circumstances of the county otherwise permit; and then to make an order appropriating a certain sum for the purpose, which shall cover the maximum cost; and the contract price cannot exceed the amount appropriated. This provision was evidently suggested by the universal experience that the cost of public works generally exceeds the estimate, and there would be no safeguards for the funds or credit of a county if the public buildings were let out to be built by contract, and the price left to be determined according to the value of the work after its completion. . . . This law is the warrant of attorney to the county court. All its provisions are plain; and the contractor, before he undertakes the work, as he deals with an agent whose powers and duties are prescribed, ought to see that the agent is pursuing its authority; for the agent cannot bind the county except as it is commanded or permitted to do. If the agent of a private person produced to a builder a power of attorney authorizing him to contract for building a house of certain dimensions, and the cost not to exceed a given sum, and in the face of his authority should contract for a house of a different kind at a greater cost, no one would pretend that the contract would bind the principal unless he subsequently ratified it; and it is only the application of this familiar rule that we apply to this case. If any effect is to be given to the law at all, its plain directions must be followed, and to allow a manifest departure from them would not only be a violation of an established rule that governs the relation of principal and agent, but would remove all the restrictions which the law has imposed upon the county court in contracting debts to be paid by the county. The petition in this case does

not aver a contract of any kind with the county court, but the plaintiff seeks to recover upon a *quantum meruit.* In our opinion the county is not liable upon an implied promise. The acceptance of the building by the county court did not help the plaintiff, for the ratification must come from the principal. *Delafield* v. *Illinois,* 2 Hill, 175." See specially note to *Gilman* v. *Contra Costa County,* 68 Am. Dec., 292, 293. Section 344 of the code of 1892 is express in its provision that "a board of supervisors shall not empower or authorize any one or more members of such board, or other person, to let or make contracts for the building or erection of public works of any description, or for working public roads, in vacation or during the recess of said board; but all such contracts shall be made and approved by said board in open session." It is plain from this that a county cannot, as to the subject-matter covered by § 344, be bound by an implied contract. The very purpose of this statute was to cut off entirely any possibility of fraudulent claims for extra work done and materials furnished, and it limits the board of supervisors to express contracts in respect to the subject-matters embraced in the statute, made in the mode pointed out. We think, as we have heretofore held in *Board* v. *Patrick, supra,* and *Dixon* v. *Greene County,* 76 Miss., 794 (25 So., 665), that a board may, by a new contract, or an amendment of its original contract, or by a ratification (all of which must be by acts of the board in open session, spread upon its minutes), bind the county to pay in each of the cases named. And parties contracting with the counties are charged with knowledge of this statute, and unless they pursue the terms of the contracts made in pursuance of § 344, or, in case of extra work or labor for the board, amend the contract or ratify one informally made, in accordance with § 344, no recovery can be had against the county. The manifest purpose of the statute was that the county should be bound by the contract of the board, as a board, in open session, and spread upon its minutes. The appellant here has not pursued the course marked out in

*Board* v. *Patrick,* and, in the absence of any amendment to its original contract, or ratification of the one informally made, has sued at law, and must, of course, fail, as held in that case, which controls here.

*Affirmed.*