## HARVEY et al. v. CITY OF WATER VALLEY.

### No. 6328.

Circuit Court of Appeals, Fifth Circuit.

Feb. 1, 1932.

H. H. Creekmore and Wade H. Creekmore, both of Jackson, Miss., for appellants.

Robert F. Kimmons, of Water Valley, Miss., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants brought this suit to recover a balance of $3,967.74 claimed to be due them upon a contract for work and labor made with the city of Water Valley, a municipal corporation of the state of Mississippi. The contract is a formal one duly made for the construction of a concrete culvert and drainage canal in accordance with plans and specifications prepared by the engineer in charge describing the work to be done. It provides for no fixed contract price but for payment on quantities at unit prices. The contract provided: "The City agrees to pay to the contractors for the work completed in all of its details, the prices above mentioned for said work, but the payments shall be made as provided in the plans and specifications above mentioned and made a part hereof." Among its contractual provisions, the specifications contained one to the effect that the consulting engineer "shall decide finally and conclusively all questions of differences of opinion that may arise as to the interpretation of the plans and specifications, or the fulfillment of the terms of the contract, and in the event of such question or difference his decision to be a condition precedent to the contractor's right to receive money under this contract." With reference to quantities, it provided that "only net quantities of work finished according to the plans and specifications will be paid for." There was a further provision reserving the right to the city council to change the plans and specifications consistently with the general intention of the contract for any part of the work or materials, either before or after the work had begun; notice of such change being given the contractor in writing.

Plaintiffs' petition pleaded the contract, that there had been earned under it $37,094.-98, and that there remained due on account of it, after crediting payment of $33,127.24, $3,967.74, the amount sued for. They allege "that they have performed in every particular and in every detail the work and improvements that the contract between them and this defendant calls for, and that they have been accepted by the city." The city defended, alleging that plaintiffs did not construct the work in the form, the shape, or the manner prescribed by the contract, and that because thereof plaintiffs may not recover.

At the conclusion of plaintiffs' testimony defendant moved for instructed verdict on the ground that the evidence did not support, but on the contrary disproved, plaintiffs' case that the amount sued for represented a balance due for work done under and in accordance with the contract. The motion was sustained and verdict directed.

Appellants, plaintiffs below, are here insisting that substantial performance of a public contract is sufficient to sustain recovery thereon, and that their evidence made an issue of fact for the jury as to whether the sum sued for was not due them as earned in substantially complying with the contract. One of the plaintiffs testified, in fact, it is admitted, that the amount in suit represented increased work made necessary by a change of the plans. After testifying, "There is not a foot of the canal constructed according to the plans and specifications," he testified as to the changes made in the plans, and that these changes increased the cost of the work in the amount for which they sue.

874

This evidence was admitted over objection of the defendant that the changes in the plans which substantially increased the cost of the work could not be authorized except by action of the city council duly entered on its minutes. Plaintiff further testified that these changes were made under the direction of the resident engineer, and that, though he had received a letter from Mr. Dorroh, the consulting engineer whose decision on all points of difference the contract made final, that if the plan of the canal was changed it must be done at his expense, he made the changes under the direction of the resident engineer, expecting to be paid for the additional cost. He also testified and offered other witnesses who testified to the same effect, that the work as executed was within the general scope and intention and purpose of the work called for by the original plans and specifications, and that the difference in cost between the work as planned and as completed of 10 per cent. was frequent in engineering practice. Plaintiffs made no proof that the consulting engineer had measured up the work and submitted a final estimate to the board as provided in the specifications, nor did they make any proof that the city council had authorized the change.

Appellee contends that the proof shows such a substantial change in the plans resulting in such a substantial increase in the cost over the work contracted for as that, if given effect, it would make a new contract; that these new terms were not binding upon the city because under the statutes and decisions of that state municipalities may not contract except upon their minutes; that persons contracting with them who by changes in the contracts add to their cost may not recover the additional cost, unless the change was agreed to as the law requires. Kidder v. McClanahan, 126 Miss. 179, 88 So. 508; Town of Macon v. Patty, 57 Miss. 378, 34 Am. Rep. 451; Jackson Electric Ry. v. Adams, 79 Miss. 408, 30 So. 694; Board of Supervisors v. Patrick, 54 Miss. 240; Groton v. Board of Sup'rs of Warren County, 80 Miss. 214, 31 So. 711. We think the instructed verdict was rightly directed.

We have had occasion in Holmes County v. Burton Construction Co., 267 F. 769, 772, to state the general rule governing controversies of this kind. It is there stated: "We think it can be stated as a general proposition of law that a public body can only be bound to the extent and within the limitations which its regularly constituted authorities have bound it. Text-books and cases are uniform on that point, and it needs no citation of authorities to support the rule that no contractual rights can spring against a municipality, except in strict accordance with the law, and the corollary is equally well established that a municipality must act by order entered on its minutes with reference to its contract, and, having contracted, no additional burden or obligation can be imposed upon it, except by an order duly entered upon the minutes of the board."

This does not mean that an unsubstantial variation from a contract or changes in minor details will defeat recovery on it. We think it does mean that when a municipality which had contracted to have a work done is asked to pay a substantial sum in excess of what the original work, if the plans had been adhered to, would have cost, plaintiffs must be prepared to show that the changes in the plans were authorized in some legal and binding way.

Further, if it be conceded that the change in the plans did not bring new terms into the contract so as to require official approval by the city council itself of the change, but merely within the purview of the specifications adapted the work to obtain the desired end, plaintiffs stand no better here, for it is essential, in such a case, to recovery, to show authority from the supervising engineer to change the plans at the cost of the city, and an estimate from that engineer that the amount claimed is due. Holmes County v. Burton Construction Co., supra.

The contract in that case, as this one does, provided that the engineer shall decide finally and conclusively all questions of differences of opinion, that may arise as to the interpretation of the plans and specifications or the fulfillment of the terms of the contract. That contract, as this one does, provided that final payment should be made upon the estimate of the engineer.

It was held in that case that the failure of plaintiff to show an order from the engineer authorizing the change in the contract, and its failure to present a final estimate of the engineer, required an instructed verdict for the defendant. Plaintiffs here have not only failed to show authorization of the changes by the consulting engineer, and to present his final estimate for the amount they claim due, but their proof shows that the engineer in writing disapproved the changes they had made, directing them either to return to the contract plan or to do the ad-

ditional work which their departure from it had made necessary at their own cost and expense.

Plaintiffs stand here, then, in a suit to recover an amount as due upon a contract, prevented by their own proof from recovering what they sue for, for the proof shows that the city has paid them all which would have been due had the contract been complied with; that the amount now sued for represents work done upon changes not only not authorized by the city, nor even by the engineer in charge for the city, but instituted by them after they had received instructions from the engineer that, if they made the changes, they must bear the expense of them.

Plaintiffs then find themselves not only without the final estimate from the engineer that the amount claimed is due, which the contract makes essential to payment, and without the authority of the engineer to make the changes, but confronted with the written order and ruling of the engineer in charge that the changes, if made, must be made at their own expense. Under such circumstances, the suit upon the contract must fail, for the proof establishes, not that the sum sued for is a balance due thereon, but that it is an amount incurred by themselves voluntarily, which the city has not agreed, and cannot be made, to pay.

The judgment is affirmed.