GEORGE W. SIMS v. VANMETER LUMBER COMPANY.

[51 South. 459.]

EQUITY. *Specific performance. Contracts. Personalty. Superintendence of court. Personal services.*

Equity will not decree specific performance of a contract:—

(a) Where it would require the constant superintendence of the court from day to day for an indefinite period in order to enforce the decree; nor

(b) For the rendition of personal services; nor

(c) As a general rule, where the subject matter is personal property.

FROM the chancery court of Quitman county.

HON. MANUEL E. DENTON, Chancellor.

The lumber company, appellee, was complainant in the court below; Sims, appellant, was defendant there. From a decree in complainant's favor overruling a motion to dissolve an injunction, defendant appealed to the supreme court.

Sims, the appellant, Vanmeter Lumber Company, appellee, and the Smith Lumber Company, entered into an agreement to construct a tramroad for the purpose of carrying logs and lumber from the land of each of the parties to the main line of a railroad. By the terms of this agreement the expense of constructing and maintaining the road was apportioned among the three parties. The road extended from the railroad through the lands of the Smith Lumber Company, next through the lands of the Vanmeter Lumber Company, and thence to the land of Sims. Soon after the execution of the contract, work was begun upon the construction, and proceeded for some months, when there was a disagreement, and Sims declined to put any more money into the enterprise unless certain concessions were made. Thereupon, by a subsequent agreement, the construction of the tramway was turned over to Sims; it being agreed that each party would contribute his portion of the cost. After the appellee, who was complainant in the court below, had gotten the use of the tramway for some time, there was some disagreement about transportation charges, and the complainant declined to pay the amount claimed as due from it. The defendant Sims, who was managing the tramway, refused further services unless settlement should be made. Thereupon the complainant instituted this suit in chancery for a mandatory injunction to compel defendant to render the service, and a preliminary injunction was granted.

*St. John Waddell,* for appellant.

The injunction in this case should have been dissolved *in toto* by the chancellor, because the complainant had a plain, adequate, and complete remedy at law. Concisely stated, complainant's rights under its bill were simply a claim for damages for an alleged breach of contract, and while the pleader states in the bill that those damages are irreparable, yet this is a mere conclusion of the pleader, and all the damages alleged

by complainant in its bill are shown to be susceptible of definite ascertainment, and a recovery could be had for same at law upon proof of the breach of contract. Complainant does not allege in its bill that the defendant is insolvent, or that he is unable to respond in damages for the alleged breach of the contract. *Bomer Bros. v. Canada,* 79 Miss. 222, 30 South. 638; *Yazoo, etc., R. Co. v. Payne,* 93 Miss. 50, 46 South. 405; *Electric Light Co. v. Railroad Co.,* 19 South. 721.

The bill seeks the specific performance of a contract in reference to personal property, and it is well established that while there are some exceptional cases in which equity will decree the specific performance of certain contracts for the delivery of chattels, yet they are very exceptional cases, and in no instance has the rule been extended to the specific performance of a contract for personal service in the handling and operating of personal property.

It is also now well settled in this state that equity will not decree specific performance of contracts for building and repairing houses. *Bomer Bros. v. Canada,* 79 Miss. 222, 30 South. 638.

It is not at all a proper thing for a chancery court to decree specific performance of contracts calling for personal service, and which would require the daily superintendence of a chancery court in enforcing its decrees. *Yazoo, etc., R. Co. v. Payne,* 93 Miss. 50, 46 South. 405.

Complainant did not offer in its bill to pay any part of the expense of maintaining the tram, and the cost of service that it demanded of defendant through the injunction, although the contract which it asks to be specifically enforced expressly provides that it is to contribute its part of this expense.

*P. H. Lowrey,* for appellee.

The complainant has a mill, has logs as well as timber standing, has an interest in a tram and locomotive, and cars of his

own, to carry them to the railroad, there is no other method of marketing its lumber, and it cannot operate the mill or market the logs and lumber in any other way, and defendant is in possession and control of the tram and equipment under an agreement to move complainant's cars. Under these circumstances complainant's right to collect damages in a court of law is by no means adequate. 22 Am. & Eng. Ency. of Law (1st ed.) 914; *Union Pacific R. Co. v. Chicago, etc., R. Co.,* 163 U. S. 600, 41 L. Ed. 278.

Two things remove this case from the general class of cases of specific performance of contracts. First. It falls in that class of cases discussed in *Banker, etc. v. Stimpson,* 40 N. Y. S. 740, and *Bickford v. Davis,* 11 Fed. 549, where the complainant's rights have been transmuted into actual rights of property and also where the defendant has assumed the relation of trust toward the complainant which subjects him to the general jurisdiction of an equity court. Second. It is not so much a question of specific performance as it is a question whether the defendant, being in possession of complainant's property, shall be allowed to hold the property and depart from the terms on which it was stipulated that he should have that possession. *Wolverhampton, etc., R. Co. v. London, etc., R. Co.,* 38 L. R. A. 820.

SMITH, J., delivered the opinion of the court.

The court below erred in not dissolving the injunction and in awarding damages to defendant, because:

1. A court of equity, except under circumstances not here involved, will not decree the specific performance of a contract in reference to personal property.

2. A court of equity will not direct the specific performance of a contract, where it would require the constant superintendence of the court from day to day for an indefinite time, in order to enforce the carrying out of its decree.

3. A court of equity will not decree the specific performance of a contract for the rendition of personal services.

The bill also contained no offer on the part of appellee to pay its proportion of the expense of maintaining and operating the tramroad.

The decree of the court below is reversed, the injunction dissolved, and the cause remanded, in order that appellant's damages may be awarded, and for other proceedings.

*Reversed.*