ALABAMA & VICKSBURG RAILROAD COMPANY *v.* MRS. C. D. MCKENNA.

[61 South. 823.]

1. DAMAGES. *Special damages. Notice. Carriers.*

The special circumstances from which special damages might arise must be known to the party sought to be made liable, at the time the contract between the parties was made.

2. SAME.

In a suit by a shipper against a railroad company for damages resulting from the failure of the company to deliver to her within a reasonable time certain household goods shipped by her, where by reason of such failure she contracted a cold and suffered pain, the fact that she asked the agent of the railroad at the time of shipment to ship them right away and told him she needed them at once and had no place to stay and only enough money to go to her destination, was not sufficient to support a recovery of the special damages claimed.

APPEAL from the circuit court of Warren county.
HON. H. C. MOUNGER, Judge.

Suit by Mrs. C. D. McKenna against the Alabama & Vicksburg Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson,* for appellant.

Special damages may in proper cases be recovered where notice is given to the shipper at the time of the reception of the goods of peculiar circumstances tending to enhance damages because of delay in the shipment, but no sort of notice after the shipment is completed will require a railway company to violate the law of the state and nation by delivering freight without demanding and receiving proper charges due thereon. *American, etc. Co.* v. *Jennings,* 86 Miss. 329.

It is perfectly manifest from the undisputed testimony that the railway agents in Vicksburg were anxious to deliver the goods to Mrs. McKenna. Mr. Clark, the station agent there, offered to let her have them if she would procure any responsible person, known to him, to assure him that the freight would be paid. Mrs. McKenna was unknown to him before she made demand for her goods.

An effort was made by appellant's Vicksburg agents to learn over the telephone if Bolton had received the money which Mrs. McKenna asserted she had sent him, but because of his absence they could not reach him; Mr. Knight, his assistant, knew nothing of the private letter with its inclosure sent by Mrs. McKenna to Bolton (and no one else except Mrs. McKenna knew anything about it until Bolton's return home, after which the matter was adjusted in a reasonably short time.

The nature of the goods the shipment of which is involved in this case precludes the idea of special damages. It cannot be assumed for a moment that such goods could not be obtained in the city of Vicksburg. Surely a woman, no matter how poor, would not necessarily suffer from cold in that city for want of a particular bundle of bed clothes, if she made any effort at all to procure others or otherwise to protect herself from cold.

Special damages, under proper circumstances of notice, etc., can be recovered only for delay in shipping such goods as cannot reasonably be procured at the point to which they are shipped. There is not one partical of testimony in this case to show either that Mrs. McKenna made effort to procure other goods of the kind shipped, or that she was unable to procure them in Vicksburg.

On this state of case the court below most erroneously gave the plaintiff several instructions and the giving of each of them demands a reversal of the judgment under review.

*Henry & Canizaro,* for appellee.

Was, or was not, appellee entitled to special damages? Let us see. We think that appellant's counsel, has misconceived the theory of appellee's case as made out by the pleading and the proof, counsel discusses the theory of special damages for a delay in the shipment and what notice must be given at the time of the shipment, etc. The court will please observe that the foundation of this action is not based upon any delay of shipment, the declaration itself shows that the goods were promptly shipped, but is based on the wrongful detention and conversion of the household goods of Mrs. McKenna, after the transportation had ended, when it was in the defendant's power, and it was its duty to make prompt delivery, or to exercise all reasonable effort commensurate with the conditions and exceptional circumstances and the knowledge of those conditions and circumstances which they had, to give Mrs. McKenna her property and not to infringe upon her rights under the contract and notice given to appellant at the time the goods were accepted for shipment. In other words, the goods were delivered for shipment, the contract was entered into and before they were shipped the notice of her condition and needs and why she required the goods was given at

the same time the contract was made, then the retention of the goods which amounted to a conversion of them after notice given at the time of shipment made the appellant liable for its acts done and committed after the goods arrived at Vicksburg and special damages must follow.

The learned counsel for appellant cites the case of *American Express Company* v. *Jennings,* 86 Miss. 329. We think the reference to that case an unfortunate one for appellant as we had it in view before the case at bar was ever brought and recognized the law announced by learned Justice Cox, and especially that part "as instructive to attorneys and the court on a retrial of that case," and directory for future litigants where cases fell within the rule as announced in *Hadley* v. *Baxendale,* 9 Excheq. 341, and also the case of *V. & M. R. R. Co.,* v. *Ragsdale,* 46 Miss. 458.

This honorable court will, upon reading the case of *Express Co.* v. *Jennings,* 86 Miss. 329, see the immediate distinction between that case and the case at bar. In the *Jennings case* the Adams Machine Co. at Corinth delivered to the Southern Express Company a piston rod consigned to Jennings at Scoby, Mississippi, and to reach Scoby the rod so consigned had to be retaken by the American Express Company, a connecting line; the rod was lost by the connecting carrier, American Express Co., etc., Jennings sued the American Express Company, the connecting line, and it was no where shown nor, as we might say attempted to be shown, that the connecting carrier, the American Express Company, had any notice whatever of the exceptional circumstances or conditions which existed requiring careful transportation and speedy delivery to Jennings; indeed from a reading of the opinion of the court, we are led to believe that no notice of such kind or character was given to the Southern Express Company, the initial carrier, and this court very promptly reversed the case and

announced the law as laid down in *Hadley* v. *Baxendale* and *V. & M. R. R. Co.,* v. *Ragsdale.*

The case at bar is one which falls directly in line with the two cases which were approved by this court in the *Jennings* ·case in that, the agent at Bolton had notice, and knew when the goods were accepted for shipment, and when acting for the appellant he undertook the shipment; of the exceptional circumstances under which the goods were to be shipped, and after weighing them, fixed a price for the affreightment of the goods to Vicksburg; and the agent of appellant company after the goods arrived in Vicksburg, not being a connecting carrier to whom the goods were first delivered for shipment, was also apprised of the special circumstances, the special needs, the special requirements and the exceptional condition under which the goods were delivered to the carrier at Bolton, and as they all existed at the time that demand was made for the goods at Vicksburg.

Quoting a pronouncement of this honorable court in the *Jennings case* we find at page 338: ''If he, however, entered into the contract or if being a common carrier he received an article for transportation after having received from the other· party notice of the special circumstances he is conclusively presumed to have contracted with reference to the enlarged liability. It is also to be remarked that he is entitled to notice of the special circumstances in order that he may use special diligence and employ extra precaution to guard against the increased risks.''

The court will bear in mind that we are making no effort on our part to inject a stipulation into the contract after it was entered into, we are giving to the court just exactly as we understand it, what our declaration alleged, the grounds upon which we sought recovery. Our case is not bottomed on the facts shown in the *Jennings case,* but is bottomed on the announcement made by this court when it decided that the *Jennings case* must be

tried anew and our case, we say, falls clearly wthin the rule, held by this court to be the proper one, in the cases of *Hadley* v. *Baxendale,* and the *V. & M. R. R. Co.* v. *Ragsdale.*

REED, J., delivered the opinion of the court.

Mrs. McKenna brought suit against the Alabama & Vicksburg Railway Company to recover damages resulting from the failure of the company to deliver to her within a reasonable time certain household goods and effects, shipped from Bolton to Vicksburg, claiming that by reason of such failure she contracted a cold, from which she suffered pain. When all the testimony for the plaintiff had been introduced, the railway company moved the court to exclude the evidence and for a peremptory charge for the jury to find for defendant. The court overruled this motion. The court also refused to grant a peremptory instruction for the defendant when both sides had rested. The jury found for Mrs. McKenna, and awarded her the sum of six hundred dollars as damages.

On December 26, 1910, Mrs. McKenna tendered to the railway company at Bolton certain household goods and effects for shipment to herself at Vicksburg. She requested Mr. Knight, the shipping clerk and assistant station agent, to ship these goods to her C. O. D. Vicksburg, and told him that she would need them right away, as she had no place to stay in Vicksburg, and had only sufficient money to pay her passage. Mr. Knight declined to do so, and insisted upon the prepayment of the freight. She then told him that she would forward the money the next day from Vicksburg, and he agreed upon receipt of it to ship the goods. Afterwards, however, he reconsidered the matter, and without again communicating relative thereto with her he shipped the goods C. O. D. to her at Vicksburg, or rather he shipped a portion thereof; the other portions having been from some cause,

not apparent in this record, addressed to a Mrs. Gibson,
and Knight seems not to have been aware that they be-
longed to Mrs. McKenna. The next day, December 27th,.
Mrs. McKenna forwarded an express money order for
four dollars and twenty-five cents, the amount which she
states was necessary to prepay the freight on the goods,
in an envelope addressed to "F. P. Bolton, Depot Agent,
Bolton, Miss." This was at Christmas time, and Mr.
Bolton states that he was absent from his office for sev-
eral days, and that upon his return, which he says was
the last of the month, either the 27th, 28th or 29th, he re-
ceived the money order, deducted therefrom a sufficient
amount to pay the freight charges on the goods still in
the Bolton depot addressed to Mrs. Gibson, and remitted
the remainder to Mrs. McKenna at Vicksburg. This re-
mittance was made on January 6th, and was received by
Mrs. McKenna the next day.

A notice was mailed Mrs. McKenna by the agent of
the railway company at Vicksburg, on December 28, 1910,
that her household goods had arrived at Vicksburg, and
stating the amount of charges for freight thereon. She
admits receiving this notice. She went to the freight
depot at Vicksburg on December 31st, and found part
of the goods there. We understand that the goods,
marked in her name, and shipped by Mr. Knight C. O.
D., was the part found. She asked that such goods be
delivered to her, and stated that she had remitted the
amount of freight to the agent at Bolton; but the agent
at Vicksburg declined so to do, unless the C. O. D. charg-
es were paid, and told her that the company would re-
fund her the money which she had remitted. He also
expressed a willingness to deliver her the goods if she
would get some responsible person known to the company
to guarantee the payment of the freight. Some effort
was made by the Vicksburg agent to communicate with
the Bolton agent, but this was without effect. The re-
sult was that there was a delay of something over a week

104 Miss. 54

in the delivery of these goods to Mrs. McKenna. She obtained them about January 9th, when she paid the charges with the money returned to her by the Bolton agent.

She contends that, because of her not receiving the household goods and effects earlier, she became ill and remained so for about a month. The whole evidence upon this, however, is embraced in the following questions and answers: "Q. Now, Mrs. McKenna, just tell the jury what kind of suffering you underwent—what was your condition? A. I was nearly dead with a cold. I couldn't talk, and could hardly get my breath; all choked up with a cold and hay fever. Q. How long did you remain ill, if you were, from this exposure? A. For nearly a month."

It does not appear from any of the testimony that there was any intention by any of the agents of the railway company to delay Mrs. McKenna in the receipt of her goods. On the other hand, Mr. Knight, the clerk at Bolton, forwarded the goods promptly, in order that she might not be delayed in their receipt, and the agent at Vicksburg offered to turn the goods over to her if she would get some responsible person to state that the freight thereon would be paid. The record does not disclose that she made any effort to get such guaranty, or to obtain money to pay the charges at Vicksburg. We note from the record that she had a home in Vicksburg, to which she went when she reached that city, and where her husband was living.

Mrs. McKenna is claiming special damages in this case. In an ordinary case, where there is no special circumstance or special notice, the carrier is only liable for the value of the goods lost in transit or while in its possession, or the amount of the damage by breakage or other injury to such goods. It appears in the record in this case that a claim was made by Mrs. McKenna for loss and damage sustained in the shipment to her house-

hold goods, and that such claim was settled in full by payment of two dollars and seventy cents. A copy of a voucher showing this is made an exhibit to the testimony. So her claim for damage to her property has been paid her by the railway company in full. The claim presented by her in this suit is for special damages to her person.

Under the law, as well settled in this state, special circumstances from which special damages might arise must be known to the party sought to be made liable at the time the contract between the parties was made. In Sutherland on Damages (3d Ed.) 164, we find the following statement of the law: "It is essential, in order to bring within the contemplation of the parties damages different from and larger in amount than those which usually ensue, that the special circumstances out of which they naturally proceed shall have been known to the party sought to be made liable in such manner, at the time of contracting, as to make it manifest to him that, if compensation in case of a breach on his part is accorded for actual loss, it must be for a loss resulting from that special state of things which those circumstances portended."

We do not believe that a sufficient notice of special circumstances was given to the railway company at the time of the shipment to charge it with the special damages claimed in this case. Mrs. McKenna, in her testimony, stated that she asked Mr. Knight to ship her goods right away, that she needed them at once, and had no place to stay, and had only money enough to go to Vicksburg. Another witness stated that he heard Mrs. McKenna tell Mr. Knight that she needed her things and to ship them as early as possible. Mr. Knight stated that she told him that the shipment contained clothing of her children and herself, and that she wanted them at Vicksburg.

We cannot see that this testimony is sufficient to support a recovery of special damages such as in this case. The statements of Mrs. McKenna gave the company no further notice than would be implied in every ordinary shipment of this kind. She wanted the goods delivered at Vicksburg promptly, for she needed them. This would be so in practically all cases where household goods were shipped. We do not see that she should be entitled, under the circumstances as presented to us in this case, to any other damages than those which may be considered as arising naturally, on in the usual course of such transactions, from the breach of the contract. This would preclude her from a recovery of the special damages she claims.

After a careful review of all the facts in this case, we conclude that the appellant is not liable, and that the trial court erred in not giving the peremptory instruction for defendant.

Reversed, and judgment here for appellant.

*Reversed.*