ILLINOIS CENT. R. Co. v. McSWAIN.

[66 South. 786.]

CARRIERS. Delay in delivery of freight. Special damages. Evidence.
    Sufficiency.
    In a suit by a shipper against a railroad company for loss of time
        of himself and assistant, caused by the delay in the delivery of
        freight, the court held that the facts as shown in the opinion of
        the court, did not show that the railroad was apprised, at the
        time of the shipment, of such special circumstances as would
        entitle the plaintiff to recover the special damages claimed.

APPEAL from the circuit court of Panola county.
HON. N. A. TAYLOR, Judge.
Suit by J. L. McSwain against the Illinois Central
Railroad Company. From a judgment for plaintiff, de-
fendant appeals.
The facts are fully stated in the opinion of the court.

Mayes & Mayes, for appellant.

L. L. Pearson, for appellee.

REED, J., delivered the opinion of the court.

Appellee, a photographer, shipped over the appellant's
railroad a photographic outfit, including a tent, from
Sardis to Senatobia, so that he might have it to use at
a fair to be held a few days later in the latter town. The
articles were delayed, and did not reach appellee in time
to be used in his trade during the fair. He brought suit
against appellant, and claimed in his bill of particulars
for loss of time by him and his assistant, for the expense
of a trip to Memphis to buy a new outfit, and for the pur-
chase price of such outfit. On the trial appellee aband-
oned his claim to all items of damages, except the loss

of time. In his account he also claimed twenty-five per cent, damages provided by section 4070 of the Code of 1906, and chapter 196 of the Acts of 1908, but the court gave a peremptory instruction against this claim. The court granted to appellee an instruction which authorized the jury to bring in a verdict for lost time, and refused an instruction asked for by appellant telling the jury that they could allow nothing on account of lost time.

The sole question presented in this case is whether the appellant had notice of the special circumstances attending the shipment of the goods from which special damages might arise from its failure to deliver. We quote from the evidence in the case showing what information was given to appellant's agent at Sardis at the time of the shipment. The appellee testified as follows:

"Along about the 1st of October I wanted to move up to Senatobia to get there before the fair, and I knew the strike was on, and I had some kind of presentiment—I didn't know whether the things would get there, and didn't know whether to ship them or whether it would be best to haul them there by wagon. I came out and saw the agent, Mr. Coggins, and he told me it was perfectly safe to ship there, as there was no strike between Senatobia and Sardis; so I brought my stuff out and shipped it that way."

Mr. Coggins, the agent at Sardis, testified as follows:

"Q. Mr. Coggins, at the time Mr. McSwain made this shipment originally from Sardis, do you remember the conversation he had with you in which he stated his reasons for wanting the shipment—asking you if there would be any trouble on account of the strike between here and Senatobia? A. We had a conversation of that nature. Q. And you told him it would not affect it between the points of Sardis and Senatobia? A. I think I did; that's my recollection."

We do not see in this testimony any notice to appellant of the special circumstances; that is, that the ship-

ment was a photographic outfit and the necessity of its reaching Senatobia in time for use in appellee's photographic business during the fair. It cannot be said from the evidence that such special circumstances, which might entitle appellee to special damages, were known to appellant, the party sought to be made liable, at the time the contract of shipment was made, so as to charge appellant with the special damages claimed. *Express Co.* v. *Jennings,* 86 Miss. 329, 38 So. 374; *Express Co.* v. *Burke & McGuire,* 104 Miss. 275, 61 So. 312; *R. R. Co.* v. *McKenna,* 104 Miss. 843, 61 So. 823.

*Reversed and remanded.*

COOK, J., (dissenting).

I do not concur with my associates in this case. To my mind, the evidence quoted clearly shows that the agent of the railroad company at Sardis had ample notice that delay in the delivery of the outfit at Senatobia would probably cause the damages recovered. The very question asked him by the plaintiff advised him that plaintiff would not ship the goods by rail if there was any delay in delivery. It is true he asked about a strike, but it is also true that the agent told him "it was perfectly safe to ship them," meaning, of course, that the outfit would reach Senatobia in the usual time necessary to carry the goods from Sardis to Senatobia.

I will assume, because the evidence forces the assumption, that the agent knew the shipper had special reasons for a prompt shipment of his photographic outfit. Using a little common knowledge, we must know that the station agent at Sardis knew a fair was going on at Senatobia—a harvest time for itinerant photographers—because Senatobia is a nearby town; that he knew that the shipper would lose his time if the shipment was delayed; that the jury trying the case and the judge presiding at the trial knew the agent was advised of the necessity for prompt

carriage of the goods. The evidence shows that the shipper had been informed there was a strike of the railroad's employees, and he was considering the advisability of hauling the outfit by wagon from Sardis to Senatobia, but, before doing so, he talked with the railroad agent at Sardis about a possible delay and miscarriage of the shipment, and he was reassured on this point.

I do not understand that the law requires a shipper to make out an itemized account of his special damages in case of delay, in advance of the shipment, and read same to the agent. We look to the facts to ascertain whether or not information was given to the forwarding agent, when or before the shipment was delivered, that would advise him of the probable consequences of a failure to carry and deliver the goods in the usual time. It seems to me that any reasonable man would have known that one of the probable results of a failure to deliver the goods at the point of destination would be an enforced ildeness of the owner. Senatobia is just a "hop, skip, and a jump" from Sardis. Allowing for the usual delays of a freight train, the goods should have arrived in Senatobia within two hours, at most, after they left Sardis. The goods were not delivered until the ninth day after their shipment—a most inexcusable delay—and if exemplary damages for a wanton disregard of plaintiff's rights had been demanded and given by the jury, there can be no doubt that the verdict would be upheld. In this state of the case, the jury rendered a verdict for lost time. My associates have decided that there was no evidence to warrant the verdict. Their conclusions are manifestly wrong, in my opinion.