252 So.2d 209 (1971)
W. Parham BRIDGES, Jr.
v.
James C. LAND and Madge E. Land.
No. 46276.
Supreme Court of Mississippi.
June 18, 1971.
Rehearing Denied September 14, 1971.
*210 W.E. Gore, Jr., Robert G. Nichols, Jr., Jackson, for appellant.
Daniel, Coker, Horton, Bell & Dukes, John B. Clark, Jackson, for appellees.
JONES, Justice:
This case was tried in the Chancery Court of the First Judicial District of Hinds County.
Bridges and the Lands entered into a contract under the terms of which Bridges, the owner of a certain lot, was to build a house thereon according to plans and specifications, a part of the contract. After completion thereof, Bridges was to convey the lot and house to the Lands for a sum specified.
The record shows that Bridges' agents orally represented that the house would be completed by June 1, 1969, the contract having been made on March 18, 1969. Land and his father-in-law frequented the construction site of the house and on occasions made complaints about the manner of construction and the failure to follow specifications, and the court's findings as to delay, negligence, etc. are supported by the evidence.
The house was not completed until several months after June 1. The suit was filed on July 15, 1969, alleging that Bridges had abandoned the plans and specifications and was failing to erect said house in accordance therewith and in certain instances had substituted materials other than those provided for in the original specifications.
Many instances of violations of said plans and specifications were cited, claimed and proven. This house was not completed, as aforesaid, by June 1 and the Lands were required to pay rental from June 1 until they purchased another house. The Lands sought damages because of the breach of the contract, and at the same time, they sought specific performance of the contract that they alleged had been breached. After considerable testimony, the lower court found for the Lands. In the decree of the lower court, it was found:
There was a great amount of delay and confusion, including a lack of reasonable diligence on the part of the defendant and his agents and servants in the construction of the residence. The contract, the plans and specifications were apparently laid aside and the builder or the defendant and his agents and servants substituted for said plans and specifications their own method and ways of construction.
There existed here a definite breach of contract amounting to willfulness, indifference and oppression.
*211 As to damages, the lower court said:
Therefore, the Court finds that the complainants are entitled to a refund in the sum of $500.00 for the deposit made in the contract of sale and purchase.
The Court further finds actual damages as follows: rent on Shady Circle house subsequent to June 1, 1969, $386.40; overpayment on the Breckenridge Street house, $2,433.14; $6.25 for an additional credit report charge; a transfer fee on the Breckenridge house, $25.00, and moving expenses in the sum of $78.75; making a total of $3,043.14.
The court also allowed $1,000 punitive damages and $1,000 attorney's fees. Both Bridges and the Lands appeal. Bridges assigns as error: (1) The lower court erred in imposing punitive damages; (2) The lower court erred in the allowance of attorneys' fees; and (3) the lower court erred in including as an element of damages $2,433.15 alleged payment over and above value of the house purchased by the Lands. No point is made as to the other items of damage allowed.
The Lands assign as error: (1) The failure to decree specific performance.
On the first issue of punitive damages, there are some cases in Mississippi which contain remarks or statements by the Court indicating that the chancery court in Mississippi would have power in certain cases and under certain circumstances, such as the finding here of willfulness, etc., to allow punitive damages.
These prior cases were before this Court and considered recently in the case of Brent et al. v. Cox et al., 246 So.2d 552 (Miss. 1971). The Court in that case, as stated, considered the previous opinions and statements and specifically held that in the absence of express statutory provision, it is not the function of the chancery court to assess punitive damages, citing the case of Capital Electric Power Association v. McGuffee, 226 Miss. 227, 83 So.2d 837, 84 So.2d 793 (1955). Although previous to that decision, some of the law writers had considered Mississippi's position unsettled as to this issue, it is now the law here that punitive damages cannot be allowed by the chancery court unless there is a statute authorizing same. The attorney's fee comes within the same provision.
As to the amount of $2,433.14 included as an element of the damages, it is claimed that the Lands were entitled to this sum because they were forced to buy other property in which to live and paid this amount over and above the true value of such property.
This position cannot be sustained. It was Mr. Land's duty when he decided to buy other property to notify Bridges of such fact so Bridges would know special damages might be incurred. It was also his duty to minimize his damages as much as possible. He gave no notice and testified that he knew he was paying too much for the house.
Even if the parties might have foreseen when the contract was made that it might become necessary to purchase another building, we do not see how they could have anticipated or foreseen that Mr. Land would knowingly pay more than the value of such property so bought. Remoteness is defined in 25 C.J.S. Damages § 2, page 623 (1966). See also Shell Petroleum Corp. v. Yandell, 172 Miss. 55, 158 So. 787 (1935); Louisville & N.R. Co. v. Blair, 154 Miss. 680, 123 So. 859 (1929); Yazoo & M.V.R. Co. v. Williams, 114 Miss. 236, 74 So. 835 (1917); Alabama & V. Railroad Co. v. McKenna, 104 Miss. 843, 61 So. 823 (1913).
Further, the value of the property so purchased was not proven. The witness, Buckles, introduced by Land was in the business of purchasing equities in real estate for a profit. He stated that in ascertaining the equity that the owner had in property, he took the original amount of the mortgage thereon and deducted the balance *212 due therefrom, also considering depreciation. Without the market value of the property, the overpayment could not be determined. Witness specifically stated that he was not an appraiser although he put a value on the house of $26,500. The witness did not know the square footage of the house and did not know the number of rooms therein. Further, he ascertained no sales of comparable property in the vicinity of this property or anywhere in the city. Such evidence could not be accepted as proof of value and no other witness added anything to this proof.
The Lands assert that the court erred in refusing to order specific performance. Under the proof and allegations of the Lands in order to specifically perform said contract, it would be necessary to completely demolish said house, even the foundation thereof, to start anew and rebuild from the ground.
To see whether the contract was being specifically performed over the space of time that would be required to construct same would require supervision of all that was done and the materials used. Our Court has held in several cases that specific performance of a contract will not be ordered where supervision by the court would be required. Security Builders, Inc. v. Southwest Drug Co., 244 Miss. 877, 147 So.2d 635, 149 So.2d 319 (1962); Blue Ribbon Creamery v. Monk et al., 168 Miss. 130, 147 So. 329, 782 (1933); Jones v. Mississippi Farms Co., 116 Miss. 295, 76 So. 880 (1917); Sims v. Vanmeter Lumber Co., 96 Miss. 449, 51 So. 459 (1910).
For the above reasons, the decree of the court is modified on direct appeal by the elimination of the alleged overpayment for other property and by the elimination of the punitive damages, including attorneys' fees. As modified, the judgment of the lower court is affirmed on direct and cross appeals. Costs of this appeal are equally divided between appellant, Bridges and appellees, the Lands.
As modified herein, the order of the chancery court is affirmed on direct and cross appeals.
GILLESPIE, P.J., and RODGERS, BRADY and INZER, JJ., concur.