BRIDGES & HILL *v.* BOARD OF SUPERVISORS OF CLAY COUNTY.

BOARD OF SUPERVISORS. *Power to contract. Variation of contract.*

A county Board of Supervisors can only bind the county in a contract by an affirmative act within the scope of its authority, and evidenced by an entry on its minutes ; and a contract thus made cannot be varied by proof that at the time it was entered into the party contracting with the board misunderstood the purport of the contract, and was partly led into such misunderstanding by

some of the members of the board, who in open session attempted to explain its terms to him, and misinformed him as to its requirements.

Appeal from the Circuit Court of Clay County.

Hon. J. M. Arnold, Judge.

The case is stated in the opinion of the court.

*Barry & Beckett,* for the appellants.

Are the appellants entitled to recover upon their contract with the Board of Supervisors? Such board, after making a contract, has the power to change or modify it. *Benton County* v. *Patrick,* 54 Miss. 240. And after the contract has been made, a change or modification may be ratified by the board, if beneficial to the county. *Carroll* v. *Tishomingo County,* 28 Miss. 38, 49. If the board have the power to change a contract, as held in 54 Miss. (*supra*), they clearly have the right, as any other principal, to ratify a deviation from it. 28 Miss. 49.

If work done under such contract is beneficial to the county, and is received by the board and used, they are liable in a *quantum meruit* or *quantum valebat.* *Warwick County* v. *Butterworth,* 17 Ind. 129; *Crump* v. *Colfax County,* 52 Miss., 107; *Methodist Episcopal Church* v. *Vicksburg,* 50 Miss. 601. A corporation may be, and often is, liable on an implied contract, without vote, seal, or writing. 1 Dill. on Mun. Corp., sects. 383, 384, and notes. "The law implies a promise by a corporation to pay for labor and materials employed in their service, of which they have accepted and are enjoying the benefit, provided the purpose for which the labor and materials have been applied is within the legitimate scope of their power." Id., sect. 384, and note 1. This law precisely fits the case at bar. The building of bridges is clearly within the scope of the power of the board; and they have accepted the work and are enjoying the benefit of it. "Corporations may ratify unauthorized acts which are within the scope of their original authority. The same rule in this respect is applicable to corporations as to individuals." Id., sects. 385, 386, and notes.

*R. C. Beckett*, of counsel for the appellants, argued the case orally.

*F. S. White*, for the appellee.

If the appellants could show that they mistook the contract, and that it was mistaken by the board (which they have not attempted to do), still the board is only bound by their contract as expressed in the minutes of the board. They can only speak through their minutes. Code 1871, sects. 1364–1389; *Crump* v. *Supervisors of Colfax County*, 52 Miss. 107.

No allowance can be made to appellants because of the hardship resulting to them from their misunderstanding of the contract. This court has no power to make a donation out of the county treasury. *Bridges & Hill* v. *Supervisors of Clay County*, 57 Miss. 252.

CHALMERS, C. J., delivered the opinion of the court.

Plaintiffs contracted with the Board of Supervisors of Clay County to build certain bridges according to plans and specifications on file. They read, but misunderstood the specifications as to the character of abutments required to be put to the bridges, and hence undertook the contract at a less sum than they otherwise would. They have been paid the full sum for which they contracted, and now bring this suit to recover the difference between the contract price and the sum which it is manifest they would have bid if they had properly understood the specifications. They base their demand upon the fact that they were led into the mistake, in part, by some members of the board, who shared it with them, who were well aware of the calculations upon which they fixed the amount of their bid, and who in open session misinformed them as to the requirements of the specifications with regard to the abutments.

It is quite evident that the suit cannot be maintained, for several reasons. If it were a suit between private persons, it could not be sustained without a precedent reformation of the contract by a court of chancery, so as to make it conform to the mutual understanding of the parties. It is only shown, or attempted to be shown, that two members of the board — less

than a majority — shared in the mistake, if there was one ; and a reformation could not therefore be enforced against the board, or those whom it represented, if it was a committee of a private association or corporation, except upon the idea that the majority of the members, by their silence, when they ought to have spoken, estopped not only themselves, but also the corporation, to insist upon the terms of the contract as written.. Certainly no such principle can be invoked against the county. Boards of Supervisors bind counties only when acting within the range of their authority, and in the mode and manner pointed out by the statutes. Their contracts are evidenced by the entries on their minutes, and can no more be varied by proof that the members failed to speak, though they knew that those with whom they were dealing misunderstood the purport of what they were doing, than they can be created and established by silence alone. It takes an affirmative act of the board within the scope of its authority, evidenced by an entry on its minutes, to bind the county by a contract; and when thus made, the contract is not to be varied, any more than created, by the mere silence of a portion of the board and the mistaken assertions of others. Code 1871, sects. 1361–1389 ; *Crump* v. *Supervisors*, 52 Miss. 107 ; *Howe* v. *The State*, 53 Miss. 57. It was plaintiffs' folly to rely upon their own recollection, or that of others, as to the terms of the specifications which were on file, accessible to all, and according to which they obligated themselves to do the work.

This case in another shape was heretofore before us, and is reported in 57 Miss. 252.

Affirmed.