SMITH ET AL. v. BOARD OF SUP'RS OF TALLAHATCHIE
COUNTY.

[86 South. 707.  No. 21336.]

1. EMINENT DOMAIN. *Property owner's evidence that he bought land on which highway laid out with understanding that county did not have right of way held admissible.*

Where a county undertakes to lay out a public highway and contends it has a deed to a right of way from a former owner of the land, and where such deed is not of record and there is nothing on the minutes of the board of supervisors to show it had acquired the right of way over such land, it is error to refuse to allow the owner to testify that he bought the land with the understanding that the county did not have a right of way over the land.

2. PARTNERSHIP. *Deed by single partner to right of way for highway divests only that partner's interest.*

Where a county sought to lay out a right of way for a public highway over the land of a citizen, and relied upon a deed to such right of way signed by only one member of a partnership who formerly owned the land, it was error to grant a peremptory instruction for the county, because the deed in such case would only convey the interest of the partner executing it.

3. EVIDENCE. *Minutes of county board exclusive and necessary evidence of actions of board in laying out highway.*

The board of supervisors can only act as a body, and its acts must be evidenced by its minutes. The minutes are the exclusive evidence of what the board did; and it is error to permit individual members of the board to testify as to what the board did or what it authorized in reference to laying out and establishing a public highway.

APPEAL from circuit court of Tallahatchie county.
HON. E. D. DINKINS, Judge.

Proceedings by the board of supervisors of Tallahatchie county against A. H. Smith and J. P. McMullen, to condemn a right of way for a change in a public highway. Judgment for plaintiff on a peremptory instruction, and defendants appeal. Reversed and remanded.

*Hays, Stingly & Whitten* and *Wells, May & Sanders,* for appellants.

*R. L. Cannot* and *A. E. Weinstein,* for appellee.

No brief for counsel on either side found in the record.

ETHRIDGE, J., delivered the opinion of the court.

The board of supervisors of Tallahatchie county instituted a condemnation proceeding for a right of way for a change in the public road in said county under section 4400, Code of 1906 (Hemingway's Code, section 7080). The petition to the board of supervisors was signed by ten or more freeholders or householders of the county, and alleged that the land involved in this suit belonged to A. H. Smith and J. P. McMullen, and described the general course of the road as proposed to be changed. Notice was served as required by statute upon the appellants, and with the notice was served a copy of the petition for the proposed change. At the return term of the board of supervisors the change was adjudged by the board to be necessary for the public interest and convenience, and a committee of two members from supervisors' districts other than the one in which the land was situated was appointed to go upon the land to examine and view the contemplated route and to report thereon in conformity to the above section, and to lay out and mark the road if found practicable, and report in writing to the board at its next meeting. A committee so appointed went over the proposed route, and reported to the board that it was practicable and necessary, and recommended that the road be opened and worked for public travel, and this report and an order of the board approving and confirming the report was spread upon the minutes thereof, and notice was given to the appellants of a day when the board as a body would go upon the land and assess the damage; the appellants having filed a claim for damage as required by statute. On the day appointed the board went upon the land as a body, but refused to allow the appellants any damage at all.

From this judgment of the board of supervisors the appellants appealed to the circuit court.

On the trial in the circuit court it appeared that the predecessors in title of the appellants had agreed with the road commissioners of the road district in which the property was situated to grant a right of way through the said lands to the county, and one of the members of the partnership owning the land at that time executed a deed in the partnership name, signed the partnership name by himself to the said deed to the right of way, and mailed the deed so signed to an attorney who had been retained by the board of supervisors as its legal adviser. But this deed was lost; the attorney having died between the time of the signing of the deed by the individual partner and the date of the sale of the land to the appellants. The deed had never been filed with the chancery clerk for record, nor filed in the office of the chancery clerk at all, nor had it ever been turned over to any member of the board of supervisors, and there was no record of the deed in the office of the chancery clerk, nor any order of the board of supervisors accepting the deed or ordering the said road opened for travel, or ordering any change to be made in said road on the minutes of the board of supervisors preceding the filing of the petition in the present case by the ten or more freeholders or householders. It appears, however, that the road commissioners of the district appointed by the board of supervisors to work the roads in the district, after obtaining the above-mentioned conveyance, went upon the premises in company with a surveyor, and marked out a right of way and ran a furrow on either side of the right of way so as to mark the course and distance of the right of way. The then owners subsequently sold the land, without reserving the right of way, to one Givins, who subsequently sold to the appellants without any reservation of the right of way, nor was any mention made thereof in the said deed.

The road commissioners, after the appellants bought the land, and after having secured a right of way from

another landowner over the route of the proposed change,
began to grade and place the right of way in condition for
public travel, whereupon the appellants placed a wire
fence across the right of way, fencing the same up so the
public could not travel thereon, whereupon the petition
in the present case was filed with the board of supervisors,.
praying for the change to be made and setting forth the
course, etc., as above stated.

On the trial in the circuit court when the appellants
were placed upon the witness stand they were asked if
they did not see the right of way marked out at the time
they purchased the land, and they answered that they
did, but that they bought with the understanding that
the county had no right of way. This evidence was ob-
jected to and the objection sustained and exception taken
thereto. The testimony of the appellants showed large
damage, and that no proceedings taken by the board, as
such, had been entered upon its minutes ordering the
change made in the public road, that the deed had never
been recorded, and that there was nothing of record to
show that the county had acquired the right of way or had
ordered the change to be made and the road opened for
travel. The only order of the board of supervisors bearing
on the question at all was an order appointing the road
commissioners and other individuals "to inspect, change
and lay out a public road at Jarman's ferry, the purpose
being to secure a public road crossing from Webb to
Charleston by the way of Jarman's ferry, and to put said
road on the highest ground so that it will be of greatest
benefit to the public, and also to locate a place to erect
a drawbridge across Tallahatchie river at or near Jar-
man's ferry, said committee to report to this board of
supervisors, said committee to secure all necessary rights
of way for said road." This order was excluded by the
trial court on objection.

The county, the defendant in the circuit court, was per-
mitted to show by members of the board of supervisors
various understandings and actions on the part of the

board not entered of record, and, over objection, that the minutes of the board were the sole and exclusive evidence of the action of the board of supervisors, to which ruling overruling the said objection exceptions were reserved. At the conclusion of the evidence the trial court refused a peremptory instruction for the appellants to find for the plaintiffs and to assess damage in accordance with the evidence, but granted a peremptory instruction to find for the county.

We think it was error for the trial court to exclude the evidence of the plaintiffs that they bought the land with the understanding that the county had no right of way over the land. There was no deed of record to the county conveying the right of way, nor was there any order of the board of supervisors showing a right of way, or that a change in the road had been made, and nothing of record, either in the deed records or on the minutes of the board of supervisors, to show that the board had title to the right of way.

If the county had a deed and it was not of record, and if there was nothing to charge the appellants with notice of the county's rights, and the appellants bought the land in good faith on the belief that the grantors had full and complete title to the land which they were buying, then the appellants would be *bona-fide* purchasers for value, and entitled as such to recover from the county damage for the right of way condemned by the order of the board of supervisors.

.In addition to this error, it was error to grant a peremptory instruction on behalf of the county for the reason that, conceding the deed to have been made and delivered to the county, this deed was signed only by one partner, and was effectual to divest only that partner's interest in the right of way, and in any event it would have been effective only, in this proceeding, to protect the county to the extent of one-half of the damage sustained by the taking of the land for a right of way.

We also think it was error for the court to permit individual members of the board of supervisors to testify what the board did, and what the board understood, and what the board had authorized to be done in the premises. A board of supervisors can act only as a body, and its act must be evidenced by an entry on its minutes. The minutes of the board of supervisors are the sole and exclusive evidence of what the board did. The individuals composing the board cannot act for the county, nor officially in reference to the county's business, except as authorized by law, and the minutes of the board of supervisors must be the repository and the evidence of their official acts.

By section 4395, Code in 1906 (Hemingway's Code, section 7075), an order of the board of supervisors is necessary to make a change in a public road. While the board may acquire title to land for the purpose of establishing a road or to secure a right of way in advance of the opening of the road, still there must be something to show by its records its acts in this behalf.

*Reversed and remanded.*