PEARL REALTY CO. *v.* STATE HIGHWAY COMMISSION.

(Division A. April 23, 1934. Suggestion of Error Overruled June 5, 1934.)

[154 So. 292. No. 30918.]

Green, Green & Jackson, of Jackson, for appellant.

E. R. Holmes, Jr., Assistant Attorney-General, and Watkins & Eager, of Jackson, for appellee.

Argued orally by **Forrest B. Jackson** and **Marcellus C. Green**, for appellant, and by **E. R. Holmes, Jr.**, for appellee.

**Cook, J.,** delivered the opinion of the court.

On February 27, 1933, the appellee, state highway commission, filed its bill of complaint alleging, in substance, that it had leased certain floors in a building owned by appellant, known as the Tower building, for a period of two years, which expired on February 28, 1933; that it was ready, anxious, willing, and able to remove itself and all its effects, supplies, equipment, furniture, and other personal property from the office space then occupied by it in said Tower building, and had attempted to do so, but the appellant, in violation of law and in violation of the terms and provisions of said lease contract, had refused to allow appellee the use of its elevators in removing appellee's said property from the building; that the appellee had demanded, and been refused, in writing, the use of the elevators, and motive power necessary for the operation thereof, in the removal of its effects from said building; that there was no other practical way to remove said effects and office furniture from said building; and that appellant's action in that regard, if not enjoined, would result in immediate and irreparable damage and great financial loss to appellee, for which there was no other adequate remedy.

The prayer of the bill was that appellant be enjoined from interfering in any way with appellee's officers, agents, or employees while removing or attempting to remove any of its furniture, supplies, equipment, and other personal property from said building, and that the appellant be required to furnish full, complete, and adequate elevator service for the prompt and convenient removal of said furniture from the building. The mandatory injunction prayed for was issued without notice to appellant, and thereafter appellee's property was promptly removed from the building before March 1, 1933.

The appellant answered the bill of complaint and admitted the execution of the said lease contract, but denied that the lease was for a period of two years only, that is, from March 31, 1931, to February 28, 1933, and averred that it continued until February 28, 1934, by reason of the failure of the appellee to give notice, in writing, of its intention to terminate the lease on February 28, 1933, as expressly provided in the lease contract. Appellant made this answer a cross-bill, averring that, on account of depressed conditions, it had been wholly unable to rent any part of the office space vacated by appellee, and prayed for a decree for the rent alleged to be due for the year beginning March 31, 1932, and ending February 28, 1934. The appellee answered the cross-bill, and on the final hearing the chancellor decreed that the injunction was properly issued; that the appellant was not entitled to the relief sought by its cross-bill; and that since the appellee had obtained all the relief sought in the original bill, both the original bill and cross-bill should be dismissed at appellant's cost. From this decree, this appeal was prosecuted.

The cause was submitted on an agreed statement of facts from which it appears that the lease contract was executed by the director of the highway commission under the authority of an order appearing on the minutes of the commission, reciting the receipt of proposals for

leasing space in several buildings; that after consideration of each of these proposals, it was found that the proposal of appellant for the fifteenth and sixteenth floors of the Tower building was the lowest and best for the needs of the highway department; and that it was ordered that the "director be authorized to sign a contract with the Pearl Realty Company, leasing the 15th and 16th floors of the Tower Building for a period of two years, beginning March 1, 1931. The lease to be approved by the state capitol commission in writing."

The lease executed by the highway director in pursuance of the authority so to do conferred by the above order, contained the following stipulation:

"36. The lessor reserves the right to reject any and all offers to renew the lease. In the event the lessee fails to notify the lessor at least ninety (90) days before the expiration of this lease, in writing, of his intention not to retain the premises, lessee shall be deemed to have made a new lease of the premises for one year from the expiration of this lease at the same rental and upon the terms and conditions hereof; provided, however, that such failure to give notice shall not bind lessor to such new lease if it notify the lessee, at least ten (10) days before the expiration of the lease, that it is unwilling to continue such new lease."

It was further agreed that under such lease contract, the appellee commission occupied the space designated therein, and other facilities of the Tower building for the period beginning March 1, 1931, and ending February 28, 1933, and paid the rent due for that period under the terms of the contract; that no notice was given by either party to the contract under the provisions of section 36 thereof; that acting under the mandatory injunction granted herein, the appellee removed itself and its property from the Tower building to the Standard Life building, in the city of Jackson, and refused to pay any further rentals under said contract, and contends

that said lease contract had ceased to be operative by reason of being void or by termination. The correspondence setting forth the respective varying contentions of the parties in reference to the effect of the failure to comply with section 36 of the contract in reference to notice, and refusing permission for the appellee to use the elevators for the purpose of removing its effects and property from the building is attached to and made a part of the agreed statement of facts.

The state highway commission is an agency of the state created by statute for the performance of important governmental functions and expending public funds for designated purposes; and its powers and duties are clearly defined by statute. The powers vested in the commission are set forth in section 5006, Code 1930, among others being the power "to provide, under the direction and with the approval of the state capitol commission, suitable offices in the city of Jackson."

Section 4990, Code 1930, provides that the state highway commission shall appoint a director of the highway department who shall be the executive officer of the commission and shall be subject to its orders and directions, and who shall under its authority and in conformity with its orders, "approve all bids, sign all vouchers and requisitions, issue all orders for supplies and materials, sign all contracts and agreements in the name of the state of Mississippi, and shall subscribe to all other matters which may arise in the carrying out of the intent and purpose of" the chapter.

Section 4992, Code 1930, provides, among other things, that the said highway commission shall employ a secretary, and shall require him to keep proper minute books, order books, account books, and other proper books, which shall be public records, and open to the inspection of the public at all times during business hours. This section further provides that "all proceedings of the state highway commission shall be entered upon the minutes

of said commission in a minute book to be provided and kept for that purpose, which minutes shall be signed by the chairman or acting chairman of the respective meetings and by the secretary.''

Under the said section 4990, the state highway director can act only under the authority of the commission and in compliance with its orders, while under section 4992, Code 1930, the commission can authorize the director to enter into a formal contract only by an order on its minutes. In granting authority to its director to lease space in the appellant's building, the commission expressly provided that such lease should be for a period of two years from the date definitely fixed in the order placed on its minutes. The director had no other authority in the premises than that conferred by this order; and in dealing with the director in the execution of the lease, the appellant was chargeable with notice of the statutory limitations on his power to act, that is, that he could act only under authority conferred by the commission, and in strict compliance with its orders. It was also chargeable with notice that this public corporation created in invitum for the purpose of discharging public functions was required by statute to keep minutes of all its proceedings and that its agent's authority to lease must be found in orders appearing on its minutes. These minutes are, by statute, public records, open at all times during business hours to inspection, and an inspection thereof would have disclosed to appellant the limitation on the authority of the agent. The commission authorized the execution of a contract for two years, beginning and ending on fixed dates, and the director had no authority to execute a contract covering any other period of time, or containing any provision which would, in the absence of some affirmative action on its part, bind the commission for any other or longer period of time. The said section 36 of the lease contract, if valid, would have bound the commission for a period of three years,

unless it took affirmative action to end the contract at the end of two years. In executing the contract containing this provision, the director was acting entirely outside of his authority, and the provision is not binding upon the commission unless it had been ratified by it.

The appellant contends, however, that by its action in entering upon the leased premises and occuping them for two years, and by obtaining affirmative injunctive relief under the terms of the lease, the commission has ratified all the terms and provisions of the lease, or is estopped from questioning their validity.

In considering this point there arises at the outset the question of whether or not, since section 4992, Code 1930, requires the state highway commission to keep minutes of all its proceedings, it may ratify an unauthorized contract other than by order on its minutes. Counsel for appellant concede, and we think correctly, that if the provisions of the said section 4992 are mandatory, there can be no ratification or estoppel except by an order on the minutes of the commission. But they contend that the provisions of this section are directory merely, and, therefore, the commission may be bound by the contract, either by ratification or by estoppel, although no order ratifying the provisions of the contract was entered on the minutes.

The language of the said section 4992 is mandatory in form throughout. It provides that the commission shall employ a secretary, and shall require him to keep proper minute books and other proper books; that such books, records, and papers of the state highway department shall be public records, open to the inspection of the public during business hours, and that certified copies of any of the proceedings of said department, or any of its books or papers, shall be admissible in evidence in all courts of this state. It further provides that all proceedings of the state highway department shall be entered upon the minutes of said commission in a minute

book to be kept for that purpose, which minutes shall be signed by the chairman or acting chairman of the respective meetings of the commission, and by the secretary.

A mere reading of this section would appear to demonstrate that the provisions thereof are mandatory, and not merely directory, and in determining this question a comparison of the decisions of this court bearing upon the meaning and effect of the somewhat similar statute requiring boards of supervisors to keep minutes of their proceedings will be persuasive, if not controlling. Section 211, Code 1930, provides that "it shall be the duty of the clerk of the board of supervisors to keep and preserve a complete and correct record of all the proceedings and orders of the board. . . . He shall safely keep and preserve all records, books, and papers pertaining to his office, and deliver them to his successor when required. The minutes of each day shall be read and signed by the president before the final adjournment of the board."

In construing provisions of the last-named statute to be mandatory, the court has held, in many cases, that the minutes of the boards of supervisors are the sole and conclusive evidence of the acts of the board. Bridges & Hill v. Board of Supervisors, 58 Miss. 817; Groton, etc., Co. v. Board of Sup'rs of Warren County, 80 Miss. 214, 31 So. 711, 712; Marion County v. Foxworth, 83 Miss. 677, 36 So. 36; Smith v. Board of Supervisors, 124 Miss. 36, 86 So. 707; Smith County v. Mangum, 127 Miss. 192, 89 So. 913; Hunter v. Bennett, 149 Miss. 368, 115 So. 204.

In the case of Bridges & Hill v. Board of Supervisors, supra, the court said: "Boards of Supervisors bind counties only when acting within the range of their authority, and in the mode and manner pointed out by the statutes. Their contracts are evidenced by the entries on their minutes, and can no more be varied by proof that the members failed to speak, though they knew that those

with whom they were dealing misunderstood the purport of what they were doing, than they can be created and established by silence alone. It takes an affirmative act of the board within the scope of its authority, evidenced by an entry on its minutes, to bind the county by a contract; and when thus made, the contract is not to be varied, any more than created, by the mere silence of a portion of the board and the mistaken assertions of others.''

In the case of Groton, etc., Co. v. Board of Sup'rs of Warren County, supra, in discussing and recognizing the legal principle that a contract intra vires, but unauthorized, or informally made, may be ratified at a subsequent meeting of the board in session, the court said: ''We think, as we have heretofore held in Board of Sup'rs of Benton County v. Patrick [54 Miss. 240], supra, and Dixon v. Greene County, 76 Miss. 794, 25 So. 665, that a board may, by a new contract, or an amendment of its original contract, or by a ratification (all of which must be by acts of the board in open session, spread upon its minutes), bind the county.''

In considering the statutory regulations applicable respectively to these public bodies, there does not appear to be any reasonable basis for a distinction in the force and effect thereof. The commission has fully performed the contract in so far as the same was authorized. The provision of the lease purporting to extend it for one year, in the absence of affirmative action on the part of the commission to terminate it, was entirely executory. The commission made no effort to formally ratify this provision, but, on the contrary, disaffirmed it by vacating the premises. In the absence of a formal ratification thereof by acts of the commission in open session, spread on its minutes, the provision was not binding upon the commission.

The court below so held, and, therefore, the decree will be affirmed.

Affirmed.