STATE HIGHWAY DEPARTMENT *v.* DUCKWORTH *et ux.*

(Division B.   Feb. 1, 1937.)

[172 So. 148.   No. 32555.]

**E. R. Holmes, Jr.,** Assistant Attorney General, for appellant.

**McIntosh & McIntosh,** of Collins, for appellees.

38

**Ethridge, P. J.,** delivered the opinion of the court.

Appellees, E. J. Duckworth and his wife, filed an original bill in the chancery court of Covington county for the reformation of a deed executed by them to the State Highway Commission, or Department, conveying a right of way through certain lands owned by them between Mt. Olive and Collins, Mississippi, and also for the specific performance of an alleged agreement between them and agents of the State Highway Department for the construction of approaches on a plantation road crossing the state highway.

The chancery court sustained a demurrer to said bill, holding that neither stated a case for reformation nor for specific performance, and that, if the appellees were entitled to relief, there was an adequate remedy at law, and they would have no occasion to invoke the aid of equity. Appellees moved the court to transfer the case to the circuit court, which the court did, and thereupon the appellees filed their declaration in the circuit court alleging that they were the owners, in fee simple, of the

N. W. ¼ of N. E. ¼ of section 4, township 8 north, range 16 west situated in Covington county, and that in the year 1931 the State Highway Commission, through agents and employees, in the performance of their duty under chapter 122, Code of 1930 (section 4989 et seq.), determined to construct, as a part of highway No. 49, a road between Mt. Olive and Collins, and in order to do so it was necessary to procure rights of way that negotiations were had with appellees, and they were offered $268.25 cash for a right of way; that a deed was signed by appellees for same; and that there was a verbal agreement to construct and maintain approaches so as to enable appellees to cross from one side of their lands to the other. This deed reads as follows:

''For and in consideration of Two Hundred Sixty-eight & 25/100 ($268.25) dollars and other valuable consideration, the receipt of which is hereby acknowledged, we, the undersigned, hereby bargain, sell, convey and warrant unto the State of Miss., for the use of the State Highway Department, a strip of land one Hundred feet in width extending through, over and across the following described land in said County and State. Beginning at Sta. 304120 and ending at Sta. 321 90 of the final survey for the proposed road located in and across the NW¼ NE¼ of Section 4, Township 8, Range 16, West, and containing 4.09 acres more or less. The consideration herein stated includes all damage to fences, property and the like, and the rebuilding of fences caused by the construction of said highway. Said strip of land is to be used as a part of the right of way for Federal Aid Project No. 200-C between Collins and Mt. Olive, and is to extend fifty feet right and left from the center line of said highway as now surveyed, and as shown by the plans for said highway on file in the office of the State Highway Department at Jackson, Missis-

sippi. Witness my signature this the 15th day of April, A.D. 1931. E. J. Duckworth, Mrs. Lena Duckworth.''

It is shown in the proof that in laying out the highway across said land there was a fill on one side and an embankment on the other several feet high.

It will be noted that the deed from appellees, among other things, recited that the consideration included all damages to fences, property, and the like, and the rebuilding of fences caused by the construction of the highway, and that the consideration was $268.25, ''and other valuable consideration.''

It is shown in the record that the State Highway Commission issued a requisition or warrant for $268.25 payable to appellees for the right of way, approved the allowance by order entered on their minutes, and a voucher was issued thereon. The requisition or warrant so issued by the State Highway Commission reads as follows:

''To the Auditor of Public Accounts.

''State of Misssssippi.

''Requisition is hereby made for you warrant on the Construction Fund payable to Jim C. Duckworth, et ux, for $268.25 in full settlement of claims and accounts listed herein, which have been approved by the Mississippi State Highway Commission under date of April 4, 1931, as shown by page 555 of Minute Book 2, countersigned ——— Secretary, signed ——— Director, filed July 17, 1934. E. F. Stuart, Clerk.''

And the auditor's warrant or voucher reads as follows:

''Office of the Auditor of Public Accounts of the State of Mississippi, Jackson, Mississippi. Auditor's warrant, No. 20716. To Jim C. Duckworth, Dr. $268.25. On account of Highway Department for Construction 2413 authorized by chapter 47, Acts 1930.

''Received Auditor's Warrant of the amount and No. shown by the foregoing in full of the foregoing claim.

This the 15th day of April, 1931. Capital National Bank, Jackson, Mississippi.''

This warrant was indorsed and collected by Duckworth, and the proceeds retained by him.

There was no rescission, or attempted rescission, of the contract by appellees, or tender of the money received, but they sought to prove by oral testimony that was admitted on the trial, over the objection of appellant, that there was a verbal agreement between appellant's agents and appellees that the State Highway Department would construct approaches so as to permit appellees to better use their lands, and there was a verdict for appellees in the sum of $625 against the Highway Department.

As stated, the appellant objected to the admission of this oral testimony, and the pleadings set up the facts that the deed and warrant included all damages, to fences, and the deed provided for the rebuilding of fences caused by the construction of the highway.

The alleged agreements relied upon by the appellees were antecedent to, or contemporaneous with, the execution of the deed; the warrant was issued and the money was received by appellees with the recitals recited above set forth in the warrant.

This court is thoroughly committed to the doctrine that, where money is paid with a recital that it is in full settlement of all demands, or of all accounts, or similar wording, when it is accepted, it is full settlement therefor, although there might be, in fact, more due than the recital in the check or warrant showed. See the following cases: Blue Ribbon Creamery v. Monk et al., 168 Miss. 130, 147 So. 329, 782; Yazoo & M. V. R. R. Co. v. Sideboard, 161 Miss. 4, 133 So. 669; May Bros. v. Doggett, 155 Miss. 849, 124 So. 476; Rucker v. King Const. Co., 159 Miss. 387, 131 So. 872; Greener & Sons v. Cain & Sons, 137 Miss. 33, 35, 101 So. 859; Phillips v. Ins.

Co., 156 Miss. 41, 125 So. 705, and Alabama & V. Ry. Co. v. Kropp, 129 Miss. 616, 92 So. 691.

This court is also committed to the doctrine that all antecedent agreements between parties are merged into the written contract when executed, and that parol evidence of such antecedent agreements is not admissible to contradict the recitals of the written instrument.

It is argued here that the words in the deed "and other valuable consideration" permit the introduction of the evidence here involved on the theory that it is permissible to show the real consideration of the instrument.

We do not think this principle is applicable to this case where the contract contains the quotation above set forth in the deed and in the voucher. The contract in this case has become the exponent of its own terms.

It is further insisted by the State Highway Commission, appellant, that the agents who were alleged to have made the agreement with appellees had no authority to make any agreement, and that the appellant is not bound thereby.

It is familiar law that boards can only bind the public by contracts entered on their minutes, and that the members, individually, of such a board as the Highway Commission, could not authorize an agent to bind it unless an order therefor was entered upon its minutes authorizing the giving of such authority, or unless the order constituting a contract recited the making thereof, and its approval by the Highway Commission. We think this principle is well established. Bridges et al. v. Board of Supervisors, 58 Miss. 817; Groton Bridge & Mfg. Co. v. Warren County, 80 Miss. 214, 31 So. 711; Smith v. Board of Supervisors, 124 Miss. 36, 86 So. 707; Smith County v. Mangum, 127 Miss. 192, 89 So. 913; Hunter v. Bennett, 149 Miss. 368, 115 So. 204, and Pearl Realty Co. v. Highway Commission, 170 Miss. 103, 154 So. 292.

It was therefore error to admit oral proof of an agreement antecedent to, or contemporaneous with, the execution of the deed, and there was no authority, under the facts of this record, for the rendition of the judgment against the Highway Commission.

The judgment will be reversed and the suit dismissed. Reversed and dismissed.