STATE HIGHWAY COMMISSION v. POWELL et ux.

(Division B. Jan. 16, 1939.)

[185 So. 589. No. 33400.]

**E. R. Holmes, Jr.,** Assistant Attorney General, for appellant.

**F. B. Collins,** of Laurel, for appellees.

**McGehee, J.,** delivered the opinion of the court.

The appellant, State Highway Commission of Mississippi, desired to obtain for right of way purposes a strip of land 100 feet in width through and across approximately 45 acres of farm land belonging to appellees along the proposed route of Highway No. 84 a few miles east of the City of Laurel in Jones County. To that end, an agent of the Commission was sent to negotiate the purchase of such right of way. The location of the highway through appellees' farm separates the residence and barn from the field and pasture, and according to the testimony on behalf of appellees, they were unwilling at first to sell the right of way, but later they consented thereto upon being assured by the agent that the State Highway Commission had already planned to provide an underpass through which livestock might go to and from the pasture and the water supply; and by means of which they might

have access to and from the field. The chancellor found from the testimony that this assurance given them by the agent amounted to a representation of an existing fact, and not merely a promise to do something in the future; that except for the representation that the State Highway Commission had already planned to provide such an underpass the deed of conveyance here involved would not have been executed for the consideration of $325 paid therefor; and that since the Highway Commission had not planned to provide the underpass, but had planned to install and did in fact install, only a 3 x 3 foot culvert in the hollow underneath the proposed highway, the appellees were entitled to a cancellation of the deed upon the return of the consideration paid on the ground that there had been a false and fraudulent representation as to an alleged existing fact in regard to what the Commission had planned to do in that behalf. The consideration was tendered into court under the prayer of the bill of complaint for a rescission of the alleged sale, and was paid to the clerk and the deed of conveyance cancelled. From this decree of the court below the appellant prosecutes this appeal.

The agent who procured the execution of the conveyance denied having made the representation, but several witnesses having testified to the contrary, and the chancellor having found in favor of appellees on such conflict in the testimony, we must assume that the deed was procured under the circumstances hereinbefore mentioned. The parol evidence was admissible, since it did not vary, alter or contradict a valid written instrument, but showed that there was no valid contract at all by reason of the fraud alleged to have been perpetrated. Hirschburg Optical Company v. Jackson, 63 Miss. 21; Nash Mississippi Valley Motor Company v. Childress, 156 Miss. 157, 125 So. 708; Henry et al. v. W. T. Rawleigh Company, 152 Miss. 320, 120 So. 188; Ferguson v. Koch, 204 Cal. 342, 268 P. 342, 58 A. L. R. 1176, and note; Lizana

v. Edward Motor Sales Company, 163 Miss. 266, 141 So. 295; 21 R. C. L. 932.

Appellant relies principally on the case of Pearl Realty Company v. State Highway Commission, 170 Miss. 103, 154 So. 292, and State Highway Department v. Duckworth et ux., 178 Miss. 35, 172 So. 148, and contend that since the authority of the agent in question was not shown by the minutes of the State Highway Commission any representation that he may have made in regard to the underpass did not bind the commission. The distinction between those cases and the one at bar is that in the present suit it is not sought to enforce an agreement made by the agent without authority. If appellees were seeking to require performance of an unauthorized agreement, the principles announced in the two cases above cited would be applicable. But this is a suit for rescission of the alleged contract. In the Realty Company Case, supra, where the agent of the State Highway Commission without authority from the Commission consented to the insertion of a provision in a lease to extend it for one year, the court said: "The provision of the lease purporting to extend it for one year, in the absence of affirmative action on the part of the commission to terminate it, was entirely executory. The commission made no effort to formally ratify this provision, but, on the contrary disaffirmed it by vacating the premises. In the absence of a formal ratification thereof by acts of the commission in open session, spread on its minutes, the provision was not binding upon the commission." In the case at bar, however, the chancellor held on the testimony, as heretofore stated, that the statements made by the agent did not constitute a mere executory agreement for something to be done in the future, but found on the contrary that they constituted a representation of an existing fact to the effect that the Highway Commission had already planned for the underpass, and that this representation was untrue. In the case of State High-

way Department v. Duckworth, supra, it is to be noted that Duckworth and his wife sought to reform their deed in chancery and asked for a decree for the specific performance of an agreement between them and the agent of the State Highway Commission for the construction of approaches on a plantation road crossing the state highway. The agreement was executory, unauthorized and therefore unenforceable. A demurrer was sustained by the chancery court and the cause was thereafter transferred to the circuit court where a judgment for damages was recovered in addition to the consideration paid for the conveyance. The court, in reversing and dismissing the case, pointed out that: ''There was no rescission, or attempted rescission, of the contract by appellees, or tender of the money received . . .'' The testimony as to the executory promise sought to establish a contractual obligation not contained in the written instrument. No representation of an existing fact at the time of the execution of the deed was made or involved. Moreover, the voucher delivered to and cashed by the Duckworths in the case contained such provisions as to constitute an accord and satisfaction of all damages caused by the location of the highway, and this was likewise held to be a sufficient defense to the suit. It is true that in the case at bar it is also shown that a similar voucher to that involved in the Duckworth Case was delivered to and cashed by the appellees in payment of the consideration for the deed here involved, and it is therefore contended that there has been an accord and satisfaction between the parties. It should be kept in mind, however, that the appellees here are neither asking for additional compensation on account of the location of the highway through their farm nor are they asking for damages because of a failure to provide the underpass. They are not seeking to recover on, or to otherwise enforce, a contract as against a claim of accord and satisfaction, but rather they are seeking to rescind the trans-

action in its entirety for the reason that it never had any valid existence, due to the alleged fraud perpetrated in its procurement. The chancellor held that if the representation in question had not been made the deed would never have been executed. Being a representation of an existing fact, if it was untrue the grantee cannot deny responsibility for the fraud while seeking to retain the fruits thereof. Even though it be true that a public corporation created in invitum for the purpose of discharging public functions cannot be required to perform executory agreements of its officers and agents where made without authority, in the absence of a statute otherwise providing, and is not liable in damages for their wrongful and tortuous acts, this rule does not preclude a rescission of a purported conveyance entered into under the facts and circumstances found by the chancellor in this case, where suit is filed within a reasonable time to cancel the conveyance and there is a tender to the grantee of the purchase money received. We are of the opinion that the cases relied on by appellant are not applicable here, and that the decree cancelling the deed of conveyance was a proper one.

Affirmed.