STATE HIGHWAY COMMISSION *v.* COLLINS.

(In Banc. Oct. 22, 1945. Suggestion of Error and Motion to Correct Judgment Overruled, November 12, 1945.)

[23 So. (2d) 543. No. 35920.]

Russell Wright, of Meridian, for appellant.

**S. C. Mims**, of Grenada, for appellee.

Argued orally by **Russell Wright**, for appellant.

**Roberds, J.,** delivered the opinion of the court.

Mrs. Collins executed a deed to the Highway Commission to eight-tenths of an acre of land in Grenada County. At her instance in this proceeding, the deed was reformed so as to include only four-tenths of an acre, and the Commission appeals.

The reformation was based upon an oral agreement between McKinnon, representing the Commission, and Mrs. Collins. The Commission makes a number of contentions on this appeal but it is necessary that we decide only one of them, and that is whether McKinnon had the authority to make the agreement on which the reformation is based, conceding that he made it.

The undisputed proof bearing upon McKinnon's authority is that the Highway engineers had made a survey of the plot of ground the Commission considered necessary for its purpose and which it desired to purchase, describing its boundaries by courses and distances, measured by feet, which contained eight-tenths of an acre. A plat had been made in accordance with that survey, showing the lines, courses and distances, the described area being shaded a special color. McKinnon's duty was to negotiate for the purchase of that land. He exhibited this plat to Mrs. Collins, but erroneously stated to her that the Commission desired to purchase only four-tenths of an acre, and drew a pencil line across the shaded portion of the plat which marked off, in his opinion, four-tenths of an acre. A price of $300 was agreed upon. The deed was thereafter prepared by the Highway engineers, the metes and bounds and courses of which corresponded with those on the plat, but which deed erroneously stated the area described to be one-fourth of an acre, more or less. Mrs. Collins executed that deed. She says she did not read it and did not know what description or acreage was therein set out. The deed was sent to the Commission, and Mrs. Collins, in due course, was paid the consideration.

This land was desired and deemed suitable and necessary by the Commission for the purpose of a juncture and a crossing of Highway 8, running east and west, with Highway 51, running north and south, in or near the City of Grenada. It was the function of McKinnon to negotiate a purchase of, and procure a deed to, this surveyed parcel of land. He had no authority to purchase a different tract. His power was strictly limited. The Commission has the power and is charged with the duty of building public roads and the use of the public funds for that purpose. It alone must determine what land is necessary to properly build roads. It had determined that the surveyed lot was needed for its purpose in this case. If each person whose duty only is to negotiate for the purchase

of lands which the Commission, in person or through its engineers, has inspected, surveyed, and decided is necessary for the particular purpose, could, at his election, intentionally or negligently, change this purchase and buy other property, the Commission would certainly be greatly hampered in the proper performance of its duties, and the public funds be expended for useless property. One sent out to purchase such properties must conform to the authority he has, or, if he departs therefrom in essential respects, his acts must be duly ratified by the Commission if the Commission is to be bound by the agreement. It will be kept in mind that the object of this proceeding is not to rescind and cancel the executed deed because of misrepresentation or fraud, actual or legal, or failure of the meeting of the minds of Mrs. Collins and the Commission (State Highway Commission v. Powell, 184 Miss. 266, 185 So. 589), but the purpose is to establish and enforce an oral agreement made by one who had no authority to make it and which was never ratified by the Commission. Pearl Realty Company v. State Highway Commission, 170 Miss. 103, 154 So. 292; State Highway Department v. Duckworth, 178 Miss. 35, 172 So. 148.

Reversed and remanded.

**L. A. Smith, Sr., J.,** took no part in this decision.