Martin v. Newell et al.

(In Banc. Nov. 26, 1945. Suggestion of Error Overruled Dec. 10, 1946.)

[23 So. (2d) 796. No. 35963.]

A. T. L. Watkins, of New Augusta, for appellant.

E. C. Fishel, of Hattiesburg, and H. D. Young, of New Augusta, for appellee.

Argued oral by **A. T. L. Watkins**, for appellant.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

This case comes here from the Chancery Court of Perry County, wherein appellant was denied the relief sought —the final decree sustaining demurrers by appellees and dismissing the original and amended bills of complaint.

The facts of the case, as they are recited in the original bill and admitted by demurrers, are that appellant appeared before the county board of supervisors at its March 1937 term and contracted to buy certain lands at the disposal of the county, for the sum of nine hundred dollars; one hundred and fifty dollars cash, and the balance on the credit to be secured by a lien on the land. An order was drawn setting out the contract, which was to have been entered on the minutes of the board, but through inadvertence or accident or for other reason it was done. In other words, there is no order on the minutes setting out the contract. The appellant, however, at once went into possession of a dwelling house on the premises, which has been in his possession ever since. The attorney of the board was instructed to draw up the papers, but, in spite of repeated requests by appellant, he failed to do so.

The appellant owned and operated a sawmill, and by an oral agreement with the board he sold lumber to the

county, the invoices for which were to be credited to the balance due from appellant to the county. There were twenty-nine such invoices, amounting to the total sum of $838.95. There was no entry on the minutes of the board of such agreement, but there were some entries referring to allowance of some invoices. These minutes were not exhibited with the original bill, but were merely referred to by book and page number. The invoices were exhibited.

The State Highway Commission acquired a right of way through the lands involved, some years after appellant's contract aforesaid, paying for same the sum of $375 in cash, to the county. However, the Commission required both the county and appellant to execute conveyances of this right of way to it. It is averred in the pleading of appellant that this amount added to the lumber invoices caused an overpayment to the county herein of $315.95. He says in his bill that the county instructed its attorney then to prepare a deed to appellant, which the attorney again failed to do. So that appellant never has gotten a deed to this land.

In 1943, the board, composed of new personnel, undertook to sell same land, or a part thereof described, to M. L. Newell by quitclaim deed, for $400, and delivered a deed to him. The board had also undertaken to convey a certain part thereof to Beaumont Veneer Company, which cut the timber therefrom. The prayer of the bill was that appellant be declared the true owner, and for specific performance of his contract of purchase with the board; that the deeds to the Veneer Company and Newell be cancelled as clouds on his title; discovery of timber cut; or, in the alternative, he be awarded a money judgment against Perry County for $1,213.95.

Demurrers were interposed, which confessed the allegations of the original and amended bills supra; and a plea of limitations of three years to the demand for a money judgment was filed by appellee. The demurrers were sustained, appellant declined to plead further, and

the original amended bills were dismissed. An interlocutory decree recited that appellant had, in open court, confessed the plea of the statute of limitations of three years against the demand for a money judgment.

There were no points made of multifariousness or the joinder in single demurrers of both general and special grounds.

The statute with reference to method of contracting for conveyance of real estate generally by boards of supervisors is Section 2892, Code 1942. The validity of the contract requires an entry of an order on the minutes of the board. We have passed on this question repeatedly, saying the minutes of the board of supervisors are the exclusive evidence of what the board did, Smith et al. v. Board of Sup'rs of Tallahatchie County, 124 Miss. 36, 86 So. 707; the board can contract only by an order on its minutes, Bridges v. Board of Sup'rs of Clay County, 58 Miss. 817; and others of like import.

It is argued by appellant that the board could enter the original order nunc pro tunc. The pleadings were not so drawn as to make such an issue cognizable on the case here. But we have held expressly to the contrary anyway. Board of Sup'rs of Lafayette County v. Parks, 132 Miss. 752, 96 So. 466. We have also held it to be the duty of a person dealing with the board of supervisors to see that his contract is legal. Jackson Equipment & Service Co. et al. v. Dunlop et al., 172 Miss. 752, 160 So. 734.

So, in our judgment, appellant was not in a position, under the law, to secure the relief sought as to confirmation of title, and cancellation of clouds, and specific performance. This brings us to the alternative part of the prayer of the original bill demanding a refund from Perry County (or as appellant put it, a money judgment) of the payments made on the purchase price.

Section 2932, Code 1942, provides that a person having a just claim against any county shall first file same with the clerk of the board of supervisors, for presentation to

the board for allowance. If the board shall reject the claim, in whole or in part, such person may appeal to the circuit court, "or may bring suit against the county." Here, no such presentation of the claim was made to the board for allowance, and the board had not rejected the claim before suit was brought in the chancery court. This Court has, in numerous cases, held that the one cannot sue the county without this prior procedure. Board of Sup'rs of Lawrence Co. v. City of Brookhaven, 51 Miss. 68; Taylor v. Marion County, 51 Miss. 731; Polk v. Board of Sup'rs of Tunica County, 52 Miss. 422; Covington County v. Morris, 122 Miss. 495, 84 So. 462.

Moreover, the claim was, by appellant's admission in open court, barred by limitations, as decreed by the trial court.

So, even if we sympathize with appellant and sincerely feel he has been grievously mistreated, as reflected by this record, we can grant him no relief on the suit he filed herein and the record made, before the trial court. The chancellor was, therefore, correct in sustaining the demurrers and dismissing the original and amended bills, and the decree of the chancery court is affirmed.

Affirmed.