485 So.2d 306 (1986)
Morris L. GRAY
v.
Jerry E. BAKER, Hunter L. Roussel, Jr., Faith Presbyterian Church and Faith Presbyterian Church, Inc.
No. 56547.
Supreme Court of Mississippi.
March 26, 1986.
Michael P. Younger, Johnston & Younger, Brandon, for appellant.
*307 Gee Ogletree, Young, Scanlon & Sessums, John C. McLaurin, McLaurin & McLaurin, Brandon, for appellees.
Before WALKER, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
On January 17, 1985, Morris L. Gray brought this action in the Chancery Court of Rankin County, Mississippi, seeking rescission of a conveyance he made to Faith Presbyterian Church and charging fraud in the procurement. Gray alleges that prior to June 22, 1983, he owned some 10.20 acres in Rankin County, that he was approached by Jerry E. Baker who held himself out as representing the church regarding the possible purchase of this land, that in fact Baker was acting at least in part for Hunter L. Roussel, Jr., one to whom Gray says he would not have sold any part of his land for any reason, that Baker wholly failed to disclose Roussel's involvement, that in fact on June 22, 1983, he (Gray) conveyed the property to the church whereupon one month later the church conveyed half of it to Roussel.
The matter came before the Chancery Court on the motion of all Defendants  Baker, Roussel and the church  to dismiss for failure to state a claim, Rule 12(b)(6), Miss.R.Civ.P., or, in the alternative, for summary judgment, Rule 56, Miss.R.Civ.P. On May 3, 1985, the Chancery Court entered its order granting each of these alternative motions and dismissing Gray's complaint with prejudice. Gray appeals.
At the outset we are met with the complaint of Baker and the other Appellees that the summary judgment is not before the Court. To be sure, Gray's assignment of error is singular and is directed toward the trial court's granting of the motion to dismiss under Rule 12(b)(6). Appellees forget, however, that motions to dismiss and motions for summary judgment are by rule declared interchangeable. See Rule 12(b), Miss.R.Civ.P.; Smith v. City of West Point, 475 So.2d 816, 818 (Miss. 1985); 5 Wright and Miller, Federal Practice and Procedure, § 1366 (1969). The motion for summary judgment is the functional equivalent of the Rule 12(b)(6) motion to dismiss, only it occurs at a subsequent stage of the proceedings. Like the motion to dismiss, it tests the legal sufficiency of the plaintiff's claim to undergird his insistence that further proceedings be had. Suffice it to say that an assignment of error brings before the Court all matters necessarily incident to the issue specifically assigned.
At its core, Gray's action charges that he was duped by Baker and Roussel, that the church  wittingly or unwittingly  lent itself to the deception. The record reflects that Gray lives in the area and had in years past sold some sixteen acres to Roussel upon which the latter has made his home. In later years a zoning dispute had led to less than amicable relations between the two.[1] Gray maintains that he would not have sold any of his remaining property to Roussel under any circumstances and that he had no idea that Roussel had any connection with the sale he was negotiating with Baker. The fact appears that, one month after Gray sold the 10.20 acres, the church turned around and sold 5.10 acres to Roussel. Gray says this was according to a prearranged scheme.[2]
Gray further charges that he reduced the sales price of the 10.20 acres out of consideration for the fact that the purchaser was a church. The record suggests that Gray originally placed a sales price of $150,000.00 on the property, that he subsequently offered the property for $125,000.00, but the sale was finally consummated at $110,000.00. Gray insists that he reduced the *308 sales price to $110,000.00 solely because the purchaser was a church.
In his complaint Gray seeks various alternative forms of relief, his primary demand being that the conveyance to the church should be declared void. While it appears that we have no cases directly on the point, we recognize that transactions respecting interests in land may be voided when one party misrepresents a material fact and where the other relies to his detriment upon that material misrepresentation. McGee v. Clark, 343 So.2d 486, 489 (Miss. 1977); State Highway Commission v. Powell, 184 Miss. 266, 274, 185 So. 589, 591 (1939); Fornea v. Goodyear Yellow Pine Co., 181 Miss. 50, 64-65, 178 So. 914, 918 (1938).
The identity of one's visible vendee is a material matter. Where a vendor would not have made a conveyance of land had he known of a prior agreement by the vendee to convey to another the vendor found objectionable, that vendor is entitled to a judicial recision of the instrument of conveyance. See Walker v. Galt, 171 F.2d 613 (5th Cir.1948); Orr v. Walker, 113 So.2d 485 (La. App. 1959). It matters not that the advent of the obnoxious ultimate purchaser may cause the vendor no pecuniary loss. The vendor's rights in his property extend to the right to refuse to sell to such third party for good reason, for bad reason or for no reason at all  so long as he does not act for some legally impermissible reason (a caveat not applicable in today's factual setting).
On the other hand, and for purposes of clarification of the rule under which Gray proceeds, if a purchaser is acting in good faith at the time of sale  that is, if the ostensible purchaser has no deal with any third party that is not disclosed to the seller  that purchaser may the day after the closing himself sell to a third party. Absent deception practiced on the seller, one who by purchase acquires fee simple title to a parcel of real property has an unrestricted right in his next breath to convey to a third party. That such a third party may be offensive to the original seller, that the third party may be one the original seller would never have sold to in the first instance, in no way operates to vitiate the original sale. What may render that sale voidable is the original purchaser's act of deceit, his failure to disclose to the original seller plans that the property or part thereof will be ultimately conveyed to the obnoxious third party.
From what has been said we trust it is apparent that Gray has stated a claim sufficient to withstand a motion to dismiss under Rule 12(b)(6). It may not be said of Gray's pleadings that, beyond doubt, he can "prove no set of facts in support of his claim which would entitle him to relief". Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss. 1985); Busching v. Griffin, 465 So.2d 1037, 1039 (Miss. 1985); Stanton & Associates v. Bryant Construction Co., 464 So.2d 499, 505 (Miss. 1985).
Baker and Roussel's summary judgment meets the same fate. The depositions in the file, particularly those of Baker and Roussel, make it less than clear that there was no advance deal of the sort Gray alleges. Having in mind that a party seeking summary judgment must affirmatively establish the absence of a genuine issue of material fact and that where such issues be found, summary judgment may not be employed as a substitute for trial on the merits, we find it inescapable that the judgment below must be reversed. See Dethlefs v. Beau Maison Development Corp., 458 So.2d 714, 716 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d 358, 362-63 (Miss. 1983).
What  and all  we hold this day is that Gray is entitled to trial on the merits of his claim. Nothing said here should be taken or construed as intimating any thought on our part that Gray may or ought prevail on the merits. The depositions in the record before us make it clear that Baker and Roussel and the church take great exception to Gray's perspective on the facts. Which side should prevail in the end is a matter which should be determined by reference to the proof offered at the trial on *309 the merits on remand, wholly uninfluenced by any aspect of this opinion other than that summarizing the substantive rules of law under which Gray's action and the defense of Baker and the others proceed.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] That zoning dispute ultimately made its way to this Court. See Roussel v. City of Brandon, 475 So.2d 823 (Miss. 1985) (memorandum of decision).
[2] Far greater detail may be found in the depositions of the parties and testimony of witnesses appearing in the record. The fact recitation included in this opinion is, we trust, sufficient to render our disposition of this appeal intelligible, but not so extensive as to suggest or imply that we have any view regarding disposition on the merits on remand.