GRIFFIS, J.,
for the Court.
¶ 1. The Lee County Board of Supervisors appeals a circuit court determination that County Road 769 is a private road rather than a public road. The sole issue presented on appeal is whether the evidence was sufficient to establish that the road in question was a private road. We find no error and affirm.
FACTS
¶ 2. In June of 2000, the Board conducted a public hearing to adopt a map that would serve as the official map and registry of the county. The proposed map included County Road 769. The Scotts appeared at the hearing and objected to the inclusion of County Road 769 because the road served as their private driveway. The Board concluded that because of the county’s continued maintenance, the road was in fact a county road. Additionally, the Board based their claim of public ownership on the grounds of a prescriptive easement. The Board included County Road 769 on the official map.
¶ 3. The Scotts appealed the Board’s ruling to the Lee County Circuit Court. Again, the Scotts argued that the road was in fact a private road and that all maintenance by the Board should immediately cease. A hearing was held to determine the correct classification of this road. The circuit court reversed the Board and held in favor of the Scotts. The circuit court found that the Board had maintained this road for a period of ten years, but that the Board had failed to prove public use. The court ordered that the Board abandon all maintenance and ownership of the road and to remove County Road 769 from the official map.
*1225 ¶ 4. The Board appeals the decision of the circuit court raising on appeal the single issue of whether the evidence presented was sufficient to establish this road as a private road. Nevertheless, the Scotts argue the following issues:
1. Whether the County acted beyond the scope of their authority by taking over the private property of the Scotts so to grant an easement to the public.
2. Whether the County’s actions were malicious or capricious without substantial justification so to violate the constitutional rights of the Scotts.
The Scott’s issues were not raised in the initial hearing on the matter, nor by the Board on appeal to the circuit court. An appellate court may only make its decision based on that which is in the record. American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). See Ross v. State, 603 So.2d 857, 861 (Miss.1992). Because the issues raised by the Scotts are beyond the record on appeal, these issues will not be considered. Instead, we will focus on the issue raised by the Board.
STANDARD OF REVIEW
¶ 5. The Mississippi Supreme Court has addressed the proper standard of review of an appeal from a circuit court’s review of a board of supervisors’ decision. In Hooks v. George County, 748 So.2d 678, 680 (¶ 10) (Miss.1999), the court held:
The standard of review for this case is substantial evidence, the same standard which applies in appeals from decisions of administrative agencies and boards. Barnes v. Board of Supervisors, 553 So.2d 508, 511 (Miss.1989). “The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency’s scope or powers; or violated the constitutional or statutory rights of the aggrieved party.” Board of Law Enforcement Officers Standards & Training v. Butler, 672 So.2d 1196, 1199 (Miss.1996). Substantial evidence has been defined as “such relevant evidence as reasonable minds might accept as adequate to support a conclusion” or to put it simply, more than a “mere scintilla” of evidence. Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss.1983).
ANALYSIS
¶ 6. The Board argues that the evidence presented at the hearing was not sufficient to prove that the road at issue was a private driveway. The Board contends that this road is a county road because of the county’s maintenance and alleged ownership by a prescriptive easement. We address the prescriptive easement argument first.
¶ 7. For a private road to become public property by prescription, it must be habitually used by the public in general for a period of ten years, and such use must be accompanied by a claim from the public of the right so to do. George County v. Davis, 721 So.2d 1101, 1107 (¶ 23) (Miss.1998). Public use is established by proving six elements. The Board has the burden of proving each of the six required elements: (1) open, notorious and visible; (2) hostile; (3) under claim of ownership; (4) exclusive; (5) peaceful; and (6) continuous and uninterrupted for ten years. George County, 721 So.2d at 1107 (¶ 24) (citing Myers v. Blair, 611 So.2d 969, 971 (Miss.1992)).
¶ 8. The Board contends that the element of public use has been satisfied. The Board argues that the county’s maintenance establishes the public use. The Board cites the property owners’ address *1226 es and the collection of garbage from the road as evidence of public use.
¶ 9. The evidence does not support the Board’s argument. The Board presented no record of any type of maintenance order. There is no reference to the road in the Board’s minutes. The absence of such evidence is neither explained nor refuted by the Board. A general statement alleging that “all requirements establishing an easement by prescription have been satisfied” is all that the Board offered. This simply is not enough. We have consistently held that a board of supervisors can only act through its minutes. Martin v. Newell, 198 Miss. 809, 815, 23 So.2d 796, 797 (1945); Noxubee County v. Long, 141 Miss. 72, 82, 106 So. 83, 86 (1925); Smith v. Bd. of Supervisors, 124 Miss. 36, 86 So. 707, 709 (1921). Given that there is not a single mention of the road during the ten year period wherein the Board claims it attained ownership by prescription, we find the assertion of public use unsupported.
¶ 10. We further find that it is error for the Board to rely solely on the fact that it has maintained the roads for more than ten years to prove their prescriptive ownership. Since all the required elements of prescription are not present and the road in question has not been properly acted upon by the Board, the road can only be considered a private road. George County, 721 So.2d at 1107 (¶ 24). The affidavits submitted to support of the Board’s contention that the roads possessed the required claim of public use and necessity are not conclusive proof, but are only one factor to be taken into consideration by the trial court in making a decision. Id.
¶ 11. A circuit court’s judicial review of a board of supervisor’s findings and decisions is limited. Hinds County Board of Supervisors v. Leggette, 833 So.2d 586, 590 (¶9) (Miss.Ct.App.2002). “A board of supervisor’s conclusions must remain undisturbed unless the board’s order: (1) is beyond the scope or power granted to the board by statute; (2) violates the constitutional rights or statutory rights of the aggrieved party; (3) is not supported by substantial evidence; or (4) is arbitrary or capricious.” Hinds County, 833 So.2d at 590 (¶ 9); Board of Law Enforcement Officers Standards & Training v. Butler, 672 So.2d 1196, 1199 (Miss.1996). If the Board’s decision was not based on substantial evidence, it necessarily follows that the decision was arbitrary and capricious. Public Employees’ Ret. Sys. v. Marquez, 114, So.2d 421, 430 (¶ 35) (Miss.2000).
¶ 12. The Board’s order was not supported by substantial evidence. There is however substantial evidence to support the circuit court’s reversal of the Board. The circuit court considered the testimony from Board members, the land owners, and photographs of the road in question. The record provides that the circuit court found the lack of reference to the road in any of the Board’s maintenance orders or minutes to be extremely persuasive.
¶ 13. There was additional evidence that supports the circuit court’s conclusion: The Seotts’ presentation of the 1999 survey by a Lee County surveyor designating the road as a private drive. The Seotts’ presentation of six maps of Lee County; none of these maps included the road in question at all, much less designating the road as a county road. A deed from 1936 establishing ownership of the road to the owners of the property, prior to the Seotts.
¶ 14. The Board clearly failed to meet its burden of proof establishing this road as a public road. Therefore, this issue is without merit and the circuit court’s decision that the road is a private drive requiring all maintenance and asserted owner *1227 ship over the road to cease should be affirmed.
¶ 15. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.